87   455
189   543

## James Vause Jr., v. Chas. Templeton.

1.   NEGLIGENCE—*When One of Two Persons Must Suffer.*—When a loss must ensue in consequence of misleading appearances the loss in equity will be visited upon the party suffering such appearances to exist and not upon innocent persons who have been misled by them.

2.   DECREES—*Must be Supported by the Evidence.*—A decree which is not supported by the evidence will be reversed.

**Bill to Set Aside a Sale.**—Appeal from the City Court of Mattoon; the Hon. JAMES F. HUGHES, Judge, presiding.   Heard in this court at the November term, 1899.   Reversed and remanded.   Opinion filed February 27, 1900.

EMERY ANDREWS and ISAAC B. CRAIG, attorneys for appellant; JAMES VAUSE JR., *pro se.*

CLARK & SCOTT, attorneys for appellee.

' MR. PRESIDING JUSTICE WRIGHT delivered the opinion of the court.

This was a bill in equity filed by the appellee against appellant to set aside a sale under judgment and execution

against John B. Barnett, of lot 1, block 44, Mattoon, Illinois, and to remove the same as a cloud upon the title of appellee. The bill was answered, and upon the hearing the court decreed in accordance with the prayer of the bill, to reverse which appellant prosecutes this appeal and seeks a reversal of the decree chiefly because, as he insists, the decree is not supported by the evidence in the case, and that it is against equity.

It appears that at one time Mary A. Joseph owned a lot and conveyed it to her sister, Sarah F. Templeton, and the latter, December 10, 1898, conveyed the same to John B. Barnett, it being claimed by appellee the latter conveyance was for his use by verbal understanding of the parties. Barnett executed and delivered a deed of conveyance of the lot to appellee February 24, 1899, which was recorded March 24, 1899. Appellant purchased the note of Barnett given to John Hall for $600, upon which judgment was recovered March 23, 1899, and the lot was sold to appellant under execution issued upon that judgment. Appellee claims by his bill and by the evidence in the case that he took possession of the lot immediately upon the delivery of the deed to him by Barnett, and that he thereafter remained in the open and exclusive possession of the same and that such possession constituted notice of his title.

Previous to the time of the deed to appellee it appears from the evidence that Mrs. Joseph lived in part of the house upon the premises and that Barnett boarded there, and other parts of the house were rented to other tenants, and that Barnett attended to the leasing and collection of rents, which he continued to do after the deed was executed to appellee. Barnett also negotiated with the loan association for a loan to be made to him and secured by mortgage upon the premises, which fact was known to appellant when he purchased the note from Hall, and caused the judgment to be taken against Barnett.

Upon an examination of the evidence we are compelled to the conclusion that Barnett, by his acts, appeared to own and control the property, and adding to these acts the ap-

pearance of his record title, no other reasonable belief could be induced in the mind of ordinary persons who might be inclined to deal on the faith of appearances, than that Barnett was the owner. To hold otherwise would be in effect to set aside the objects of the recording law and make it an instrument to mislead instead of protection. If appellee assumed the possession and control of the property when the deed was delivered to him, it was his duty to have recorded his deed or to have discharged Barnett from continuing in the apparent control and ownership. He did neither the one nor the other, but allowed the title of record and the appearance and acts of ownership to remain with Barnett until appellant obtained a judgment against him, and if loss must ensue in consequence of such negligence on his part, the loss, in equity, should be visited upon himself, and not upon the innocent, who have been misled by appearances so negligently suffered to exist. Believing as we do that the decree is not supported by the evidence, it will be reversed and the cause remanded for further proceedings not inconsistent with the views herein expressed. Reversed and remanded.