# CASES

IN THE

# APPELLATE COURTS OF ILLINOIS.

## THIRD DISTRICT—NOVEMBER TERM, 1899.

## Frank Lindley and The Danville Gas, Electric Light & St. Ry. Co. v. Charles L. English, Trustee.

1. MASTERS IN CHANCERY—*Findings, When Conclusive.*—When a cause is referred to a master in chancery and he sees and hears the witnesses testifying before him, he is better qualified to judge of their credibility where their statements are conflicting than others who do not see and hear them, and the same effect must be given to his findings as to the verdict of a jury in the trial of issues at law.

2. BURDEN OF PROOF—*Notice of an Unrecorded Mortgage.*—The burden of proving that a party had knowledge of the existence of an unrecorded mortgage is upon the party asserting such knowledge.

3. SAME—*Grantees of Innocent Purchasers, Protected.*—A purchaser of land from a prior *bona fide* holder who acquired the title, as shown by the records, for a valuable consideration, without notice of any outstanding equity, will be protected, although he had notice of such equity.

**Bill to Set Aside a Conveyance.**—Appeal from the Circuit Court of Vermilion County; the Hon. FRANK DUNN, Judge, presiding. Heard in this court at the November term, 1899. Reversed and remanded with directions. Opinion filed June 12, 1900.

H. J. HAMLIN, attorney for appellant Lindley.

H. M. STEELY, attorney for appellant Street Ry. Co.
Where the title purchased is clear and good, as appears from the record, mere suspicions that the purchaser may have notice of some outstanding unrecorded equity will

Lindley v. English.

not warrant a court in defeating such title of record. Good faith, honesty and fair dealing is presumed until the contrary appears. Slattery v. Rafferty, 93 Ill. 283; Pittman v. Sofley, 64 Ill. 155; Shinn v. Shinn, 91 Ill. 486; Pratt v. Pratt et al., 96 Ill. 199.

To take the case out of the Registry Acts, so as to defeat the title of a subsequent purchaser, who first places his deed on record, on the ground that he had actual notice of an unrecorded deed, the proof must be clear and positive, so as to leave no reasonable doubt that the taking of the second deed was an act of bad faith toward the first purchaser. Rogers v. Wiley, 14 Ill. 65; O'Neal v. Boone, 82 Ill. 589.

During the lifetime of the grantor in an unrecorded deed, the apparent title is in him; and he who purchases in good faith that apparent title, it is conceded on all hands, is protected by the statute. Kennedy v. Northup, 15 Ill. 148.

Where property comes into the hands of one having no notice of prior equities, he obtains a complete *jus disponendi*, and his want of notice is a protection to all subsequent grantees, though they may have notice. 16 Am. and Eng. Encly. of Law, p. 841 (and authorities cited).

One with notice acquires good title from one without notice, and he is entitled to the same protection as his vendor. Peck v. Arehart, 95 Ill. 117; Burton v. Perry, 146 Ill. 119.

The rule of law is equally well settled that a *bona fide* purchaser from a fraudulent grantee, or one who has notice, will be protected; Kranert v. Simon, 65 Ill. 344; Brown v. Welch, 18 Ill. 346; Matson v. Alley, 141 Ill. 284.

LAWRENCE & LAWRENCE and KIMBROUGH & MEEKS, attorneys for appellee.

The mere omission to record a mortgage, though caused by request of mortgagor, does not make the mortgage fraudulent as to subsequent creditors and purchasers. Haas v. Sternbach, 156 Ill. 44; Field v. Ridgely, 116 Ill. 424.

A cunningly devised fraud may, by reason of the very excess of cunning, betray its character; the making a third party a mere go-between to purge the transaction of fraud, is the evidence itself of the fraud. Boies v. Henry, 32 Ill. 130.

Lord Hardwicke has classified fraud (1) actual, as evidenced by plain facts; (2) apparent, from the intrinsic nature and subject of the bargain itself, being such as no man in his sober senses would make, or one which no honest man would accept; (3) presumed, from the circumstances and condition of the parties; (4) inferred, from the nature and circumstances of the transaction being an imposition on other persons not parties to the fraudulent agreement. Townsend v. Lowfield, 1 Ves. Sr. 35.

One who procures the property to be conveyed to an innocent purchaser, and then becomes a purchaser from such innocent purchaser, can not thereby purge the transaction of the original fraud. Church v. Church, 25 Pa. St. 278; Bovey v. Smith, 1 Vern. 60; Hugh v. Dickinson (Mich.), 24 N. W. Rep. 812; McKibbin v. Martin, 64 Pa. St. 352; Alabama Ins. Co. v. Pettway, 24 Ala. 544; Kaine v. Weigley, 22 Pa. St. 179; Burt v. Timmons, 2 S. E. Rep. 786; Ecker v. McAllister, 45 Md. 309; Chance v. McWhorter, 26 Ga. 315.

When the purchaser of land acts fraudulently in making the purchase, the fact that the agent through whom the purchase is made acts *bona fide* will not protect the transaction. *Dolus circuitu non purgature.* Beard v. Campbell, 2 A. K. Marsh. 125; s. c., 12 Am. Dec. 362; Johnson v. Gibson, 116 Ill. 297; 2 Pomeroy's Eq., Sec. 754; Schroeder v. Walsh, 120 Ill. 403; Troy City Bank v. Wilcox, 24 Wis. 671; Clark v. McNeal, 114 N. Y. 295; Brown v. Cody, 115 Ind. 488.

Withholding a conveyance or mortgage from record does not operate to defeat or postpone it as against a purchaser or creditor with notice. Field v. Ridgely, 116 Ill. 424; Haas v. Sternbach, 156 Ill. 44; Paper Co. v. Lithographing Co., 35 Ill. App. 500; Williams v. Tatnall, 29 Ill. 553; Ca-

been v. Breckenridge, 48 Ill. 93; McConnel v. Reed, 4 Scam. 117.

Mr. Presiding Justice Wright delivered the opinion of the court.

Appellee filed his bill in equity to set aside conveyances and to subject the property so conveyed to a mortgage held by him upon the same property. The cause having been referred to the master to take the evidence and report his conclusions, and the master having reported adversely to the maintenance of the bill, and appellee having excepted thereto, the court, upon the final hearing, sustained the exceptions, reversed the findings of the master and gave its decree in accordance with the prayer of the bill, from which appellants prosecute this appeal, and have assigned and argued numerous alleged errors, by which they seek to effect a reversal of such decree. The record, abstracts, briefs and arguments are voluminous, and the conclusion we have reached in the case will render it unnecessary to extend this opinion to all of the questions presented by the briefs and arguments of counsel.

For the purposes of this opinion, a sufficient statement is that Henry Brand owned the City Electric Light and Power Plant, the property in question, in Danville, Illinois, and, being indebted to the First National Bank of that city for $16,000, to secure such indebtedness, executed and delivered to appellee, as trustee, August 8, 1895, his notes and mortgage upon the plant, which Brand requested to be withheld from record for a day or two, or until he could adjust certain other debts, appellee making no definite agreement concerning this, but he in fact did withhold the mortgage from record until August 10, 1895, at 5:45 o'clock P. M. In the meantime, August 9, 1895, Brand sold and conveyed the same property to appellant, Frank Lindley, for $12,500, subject to a mortgage of $3,000, and on the same day, at seven o'clock P. M., the deed was filed for record. Subsequently, August 31, 1895, appellant Lindley conveyed the property to appellant, The Danville Gas, Elec-

tric Light and Street Railway Company, for $13,000, which deed was filed for record September 2, 1895. The bill avers that the sale and conveyance from Brand to Lindley was in fact for the use of. The Danville Gas, Electric Light and Street Railway Company, the purchase price being furnished by the latter or some of its officers, and that Lindley was merely an agent of the corporation to receive such convey-ance; that both appellants had previous notice and knowl-edge of appellee's mortgage, and that they conspired to induce Brand to sell for the purpose of defrauding appellee. Answers were filed, denying the above recited averments of the bill, and appellee was thereby burdened with the proof of them by the weight of the evidence, and this, we think, formed the controlling issue of fact, the determina-tion of which will be decisive of the case.

The master saw and heard the witnesses who testified before him, and in view of their conflicting statements was thereby better qualified than others who did not see and hear them, to judge of their credibility, and in such cases it is a familiar rule that the same effect shall be given to the finding of the master as to the verdict of a jury in the trial of issues at law. If this rule is to be applied to the findings of the master herein, as it should be, we are unable to discover from the evidence in the case any sufficient rea-son to reverse his findings. Indeed, upon the evidence of the various witnesses upon these vital points, as it appears in the record, and by attributing to each witness equal credit, as we must do unless there appears some fact or cir-cumstance to impeach one or more, or to cast discredit upon his testimony, we are unable to determine upon what principle of equal justice it can be said the complainant had proved by the weight of the evidence the material aver-ments of his bill, but upon an examination it seems to us the preponderance is upon the side of the defendants; and as much as we dislike to disagree with the learned chan-cellor who heard the case in the trial court, we feel com-pelled to say that upon these important and material averments of the bill, the decree is not supported by the

evidence. We do not feel inclined to enter into a particular discussion of the weight and credit to be given each witness, because we deem it unnecessary, as no good purpose would be subserved thereby; but in the conclusion we have reached upon this point, aside from the weight that should be given to the master's findings, we have in weighing the evidence endeavored to give each witness equal credit, and by that test the point in judgment is determined against the contention of appellees.

It is insisted that appellant Lindley, if not the mere agent of the appellant corporation, had notice of the existence of the unrecorded mortgage to appellee, and for such reason is not an innocent purchaser. The burden of proving this fact was upon appellee, and we are compelled to say that we have been unable to discover any evidence fairly tending to prove such fact. The mortgage was withheld from the records, whether by agreement with Brand or by inadvertence is not important, for the effect upon Lindley is the same. He did all that an ordinary person designing to purchase property is required—he examined the records and inquired also of Brand, and was informed by each there were no other liens against the property but the one to which the purchase was subject, after which, having obtained knowledge from the source provided by law, and having no other information, he paid a fair and adequate price for the property, accepted a conveyance of the same, and placed it upon the record. To hold under this evidence that Lindley was not an innocent purchaser, would in effect, as we said in Vause v. Templeton, 87 Ill. App. 455, be to set aside the objects of the recording law and make it an instrument to mislead instead of protection.

It is also insisted in support of the decree that because one or two of the directors and officers of appellant corporation had knowledge, as was the fact, of the prior mortgage of appellee before the sale and conveyance from Brand to Lindley, the appellant corporation was for such reason not an innocent purchaser, and took the property from Lindley subject to such incumbrance. Waiving the ques-

tion whether notice to one or more of the officers and directors of the corporation would be notice to the corporation itself, which we think does not necessarily arise in the case, and we therefore express no opinion concerning it, we are of the opinion that Lindley, being an innocent purchaser of the property, as he was, was vested not only with the title, but the dominion and power incident to ownership of disposing of it to whosoever would buy, and investing such purchaser with the same title and interest possessed by himself. In Peck v. Arehart, 95 Ill. 117, it was said that the principle is too familiar to need the citation of authorities, that a purchaser with notice may get a good title from a *bona fide* purchaser without notice of prior equities, and this was repeated in Burton v. Perry, 146 Ill. 119.

Counsel for appellants have made other points and argued them, but as we deem they do not affect the merits of the case, we think what we have already said supersedes the necessity of further considering such points.

For the reasons stated the decree of the Circuit Court will be reversed and the cause remanded, with directions to that court to dismiss the bill for want of equity.

Reversed and remanded.