## Henry Carpenter et al. v. Charles Plagge.

93   445
m192s  82

1.   CONTRACTS—*Not to be Construed as Mortgages Unless, etc.*—An agreement is not to be considered as a mortgage unless it is made to appear clearly and satisfactorily that it was so intended at the time of its execution.

2.   SAME—*Construction—Burden of Proof.*—When there is nothing in a contract to show that it was intended to be a mortgage, the burden of showing that it was so intended is upon the party claiming it.

3.   CHANCERY PRACTICE—*Effect of the Finding of the Master upon Conflicting Evidence.*—Where there is a conflict of evidence upon the questions involved in a proceeding in chancery, the finding of the master, who sees the witnesses and hears their testimony, is entitled to the same effect as the verdict of a jury in the trial of an issue at law.

4.   SAME—*Requisites of a Decree Allowing Redemption from a Mortgage.*—The ordinary decree allowing a bill to redeem from a mortgage is, that a proper conveyance be made to the party asking it, upon the payment by him of the amount found due, and that if such payment is not made within a time to be fixed by the court, such party is to be barred from thereafter asserting a claim for any further relief in the subject-matter of the controversy.

**Bill for Relief, etc.**—Appeal from the Circuit Court of Will County; the Hon. DORRANCE DIBELL, Judge, presiding.   Heard in this court at the October term, 1900.   Affirmed.   Opinion filed February 13, 1901.

C. W. BROWN, attorney for appellants.

HILL, HAVEN & HILL, attorneys for appellee.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

This was a bill in chancery filed by appellants, for them-

selves and such of the other heirs of Daniel F. Carpenter,
deceased, as should contribute their fair proportion of a
certain indebtedness mentioned therein, against appellee,
to redeem forty acres of land in Will county. The bill
charges that on May 7, 1863, said Daniel F. Carpenter, their
father, who was the owner of said premises and occupied
them as a homestead, mortgaged the same to secure the
sum of $550; that thereafter he died, leaving complainants
and certain other of his children, his sole heirs at law; that
after his death said mortgage was foreclosed, the mort-
gaged premises sold by the master for $465.58, and a cer-
tificate of purchase issued; that after said sale, at the request
of appellants, appellee advanced the money to the holder
of said certificate and the same was duly assigned to him;
that on the 8th day of October, 1878, an agreement was
entered into between appellee and appellant Henry Car-
penter, providing that Plagge was to advance the money
necessary to purchase the certificate of sale, "and to hold
the same for his own benefit, unless said Carpenter or the
heirs of Daniel F. Carpenter, deceased, or some or all of
them, shall within fifteen months from such purchase, pay
said Plagge the money advanced by him to make such pur-
chase, with interest at ten per cent per annum from such
purchase, and upon such payment to said Plagge within said
time, the time being the essence of the contract, said Plagge
shall assign said certificate of sale to said Carpenter to be
held by him for the benefit of such heirs as shall contrib-
ute their fair and equal portion toward such payment, and
if the full sum shall be paid by Carpenter himself, then for
his own benefit solely;" that said agreement contained an
indorsement extending the time of its performance to
January 8, 1881; that thereafter appellants paid to Plagge
about $430, and offered to pay the balance due on said con-
tract, but he refused to accept the same, claiming there was
other indebtedness due him from appellants or one of them,
and that he would not accept the balance or turn over the
certificate or the title to said premises, until he was paid
such sum or sums; that on February 10, 1879, Plagge pro-

cured from the master in chancery a deed for said premises, based on his certificate, without knowledge of appellants, and that they did not know of it until a great while thereafter; that appellants occupied said premises as a homestead, up to the filing of the bill, claiming to own the same; that they made lasting improvements on the premises with the knowledge of appellee, who permitted them to treat the same as their own property and made no claim of ownership for himself; that on March 6, 1897, appellee began suit in the Circuit Court of Will County in ejectment, to oust them from said premises, and that the same is still pending; that appellee is endeavoring to coerce them into paying a larger sum of money than is justly due under his contract, although they have offered and do offer to pay all that is or shall be found to be due him upon an accounting under said agreement. The bill prays for an accounting under the agreement and that upon the payment of the amount found due, appellee may be required to execute a deed to appellants for said premises.

Appellee filed his answer, alleging that the terms of said original agreement were not complied with within the time limited therein, and that thereby the rights of appellants to the premises in controversy became forfeited; that appellee was for many years engaged in conducting a general store at Monee, in said Will county, and also in the purchase and sale of grain, at the same place, and that said appellants were, for many years, customers at his store, and that he has purchased grain and other articles of produce from them, and that there has been constantly a large balance due from appellants to him; that an arrangement or agreement was made by appellee with appellants by which it was understood and agreed that whenever they should pay him the amount paid by him for said certificate of sale, together with interest thereon at ten per cent per annum, and also all other moneys on any account that might be due from them to appellee, that he would convey said premises to them; that thereafter appellee advanced money to appellants from time to time, and there were

other dealings between them until there is due appellee from them about the sum of $3,000, it being understood between them that appellee should hold said premises until such indebtedness should be paid in full; that appellants have repeatedly promised and agreed to pay appellee the amounts due him, but have never done so, and that he is ready and willing to convey said premises to them upon payment of the full amount due him in accordance with said last mentioned agreement. Appellant, by amendment to his answer, also set up laches and the statute of limitations as a defense, and averred that the only payment made upon the contract was $427.61, made September 1, 1882.

Appellee also filed a cross-bill setting up substantially the same facts as appear in the answer and amendment thereto, and praying for an accounting, and a decree requiring appellants to pay the amount which may be due from them, and that, in default of said payment, said master's deed be established and confirmed in him, free from all rights of the appellants. Issues were formed under both the original and cross-bills and the cause was referred to the master, who afterward filed his report, finding the facts substantially as alleged by appellee in his cross-bill, and that there was due appellee the sum of $3,056.82; that in case redemption was not made by the payment of said sum, appellee was entitled to have said premises sold and the proceeds applied to the payment of said indebtedness. Objections were filed to the master's report by appellants, but the same were overruled, and, by agreement, were permitted to stand as exceptions before the Circuit Court. The court sustained exceptions to that part of the master's report finding that the rights of appellants, under said contract, and the extension thereof by reason of their failure to make payment to appellee within the time limited in said agreement and extension, had become forfeited and determined, and also to the finding of the master by which he included in the amount to be paid to appellee on redemption the amount due on what was known as the Robinson note, all other exceptions being overruled.

The court found that the original contract in writing was not a mortgage, but simply an agreement to convey upon payment of the sum stipulated therein; that neither complainants nor any of the other heirs at law of said Daniel F. Carpenter had complied with the terms of the agreement within the time stipulated or the extension indorsed thereon; that after the date to which said contract was extended, to wit, on September 1, 1882, the sum of $427.61 was paid thereon; that on or about said last mentioned time a new arrangement or understanding was made between appellee and appellants, by which it was agreed that appellee should hold title to said real estate as security for the amount advanced and expended by him under said original agreement and also for all other indebtedness then due and owing, or which might thereafter become due and owing from appellants to appellee; that thereafter appellee held title to said premises under such new agreement and made advances and allowed indebtedness to accrue upon the strength of such agreement; that appellants are still in possession of said premises and have held all the rents, issues and profits thereof; and that the total amount due appellee from appellants was $2,871.52.

The decree orders that appellants pay appellee the amount so found due within 233 days from the date of said decree, together with interest thereon at five per cent per annum from the date of the filing of the master's report; that upon payment being made within said time appellee convey said premises to appellants; that in default of such payment appellants and each of them be forever barred and foreclosed of all right or equity in and to said premises and that appellee thereafter hold the same in fee, free and clear of all right, title, claim or demand of appellants or either of them, and that in case redemption be not made in the manner specified, that appellants surrender possession of said premises to appellee. It also provides for a writ of assistance. From this decree complainants below appealed.

The first ground urged by them for reversing the decree, is that it was error for the chancellor to find that the agree-

ment of October 8, 1878, between appellee and appellant Henry Carpenter, was not a mortgage, but a contract to convey upon the payment of a price agreed upon. When the agreement was made, the time within which the Carpenters could have redeemed had just about expired, and before the certificate was purchased by appellee, the twelve months within which they could have redeemed had fully elapsed and their rights to the premises were extinguished. By the plain terms of the contract the heirs of Daniel F. Carpenter were given fifteen months to repay the money advanced by appellee, and upon such payment being made, appellee was to assign to Henry Carpenter the certificate of sale for the benefit of such heirs as made the payment, time being made the essence of the contract. At the end of the fifteen months, payment not having been made, the time was extended for one year, within which time also no payment was made. There is nothing in the words of the contract itself indicating an intention to mortgage the premises, and in fact at that time appellee had no title to the premises and consequently could not then, have intended to mortgage them. An agreement of this kind can not be considered a mortgage unless it is made to appear clearly and satisfactorily that it was so intended at the time of its execution. Story v. Springer, 155 Ill. 25. As there was nothing in the contract itself to show that it was intended to be a mortgage, the burden was upon appellants to show that in fact it did not have the effect it purported to have. Green v. Capps, 142 Ill. 286.

It does not appear from the proofs in this case that the contract was to have any effect other than that plainly shown by its terms, and it was therefore rightly held by the Circuit Court that the same was not a mortgage.

It is next urged that the court erred in finding that a new arrangement was entered into between appellee and appellants, whereby it was agreed that appellee should hold the title to said real estate by way of securing the balance due him on said agreement, and also other indebtedness then existing or which might thereafter exist from appellants to

appellee. There was a conflict in the evidence upon this subject, but the master in chancery, who saw the witnesses and heard their testimony, found that such an agreement was made, and his finding, under the circumstances, is entitled to the same effect as the verdict of a jury in the trial of issues at law. Lindley v. English, 89 Ill. App. 538. The Circuit Court adopted the findings of the master upon this subject and we find no reason arising out of the proof in the case for disturbing such finding. We must therefore hold that the new agreement was made as claimed by appellee, and that under it appellee was entitled to hold said premises, not only for the payment of what remained due under the original contract, but also for such sums as were at the time the contract was made, or might thereafter become, due to him from appellants.

Appellants further claim, however, that the court erred in not decreeing a sale of the premises for the indebtedness found due by it to appellee. They insist that the cross-bill was virtually a bill to foreclose a mortgage which was in no manner recognized in the original bill, and that the decree is substantially one of foreclosure and should therefore be governed by the rules applicable to the foreclosure of mortgages. We find, however, that the prayer of the cross-bill is that appellants may be decreed to pay appellee the full amount due him, and that in default of such payment being made within a short time to be fixed by the court, the title of appellee to said premises " may be established and confirmed, free and clear of all right, title and interest of said defendants and each of them thereon," and that appellee might have such other, further and different relief as the nature of his case may require.

The decree strictly followed the prayer for relief contained in the cross-bill, using substantially the same terms. It is true that the decree also provides that upon the default of appellants in making said payment in the time and manner specified, they shall surrender possession of the premises to appellee, and directs a writ of assistance to issue in case they fail to so surrender possession; but this provision of the decree naturally follows the other orders and is fairly

included under the general prayer for relief contained in the cross-bill. There was therefore no error in the form of the decree on the ground named.

The cross-bill asked the court to determine the amount which appellee ought to pay to redeem the premises and has many of the qualities of a bill to redeem. The ordinary decree allowing a bill to redeem from a mortgage is, that a proper conveyance be made to the party asking it upon the payment by the latter of the sum found due, and that if such payment be not made within a reasonable time to be fixed by the court, that such party be barred from thereafter asserting any further relief in the subject-matter in controversy. DeWalsh v. Braman, 160 Ill. 415; Decker v. Patton, 120 Ill. 464.

Appellee assigned as cross-error the refusal of the court to allow the amount of the so-called Robinson note, which had been included by the master in his findings, but afterward withdrew the same, so that question is not before us. We are of opinion that the decree of the Circuit Court was right and free from error, and it is accordingly affirmed.

Mr. Justice DIBELL, having tried the case in the court below, took no part here.