## TURNER COWING v. HENRY ROGERS et als.

INSUFFICIENCY OF THE EVIDENCE TO SUPPORT THE FINDINGS.—The only mode in which error in findings, by reason of the insufficiency of the evidence to support them, can be reached on appeal, is by making such insufficiency a ground of motion for a new trial, specifying wherein it is insufficient.

EXCEPTIONS TO FINDINGS—OFFICE OF, AND MODE OF TAKING.—The office of exceptions to findings is to supply the want of findings, where upon any of the issues the facts are improperly found, or not found at all. The mode is, by taking the objection that there is no findings at all, or no finding as to a particular fact in issue, and if the defect be not remedied, then by taking exception thereto.

IDEM.—On appeal, the facts as stated in the findings must be accepted as facts in the case, where the statement on motion for new trial does not specify wherein the evidence is insufficient to support them.

SPECIFIC PERFORMANCE OF AGREEMENT, NOT IN WRITING, TO PAY MONEY IN GOLD COIN—WHEN ENFORCEABLE IN EQUITY.—Where a party, who has executed a deed to lands to secure the performance of his agreement, not in writing, as to pay a certain sum of money in gold coin, and who seeks the aid of a Court of equity to have the deed declared a mortgage and to be permitted to redeem and have a reconveyance of the land, ought to be held to a full compliance with the terms of the agreement, as a condition precedent to the conveyance, and this by no construction of the Specific Contract Act, but by the application of the maxim that "he who seeks equity must do equity."

ACTION TO REDEEM FROM A MORTGAGE—TERMS OF DECREE IN.—An action, in the nature of a bill to redeem from a mortgage, is not governed by the provisions of the Practice Act relating to foreclosure of mortgages. In such case a decree of foreclosure and sale is neither necessary or proper, but the decree may properly prescribe the terms, including the time and manner of performance, on which the redemption prayed shall be granted.

IDEM—PENALTY FOR FAILURE TO REDEEM.—In such case, where default is made, the usual and proper judgment is, that plaintiff's complaint be dismissed. This judgment is not rendered in the first instance, but on motion of the opposite party, when default is made in making redemption as decreed.

APPEAL from the Probate Court, Fourth Judicial District, City and County of San Francisco.

This was an action in equity to have a deed to lands, absolute upon its face, made to defendant Rogers by the plaintiff and his wife, declared to be a mortgage, to redeem therefrom and to compel a reconveyance. The defendants, by their answer, denied that the instrument was intended as a mortgage or as a security. The Court declared it to be a mortgage, and given simply as security; and further decreed, that the amount due should be paid by plaintiff in gold coin, within forty-five days, or that his equity of redemption be barred and foreclosed.

The plaintiff moved for a new trial, which was denied, and appealed from the judgment and the order of the Court denying a new trial.

The other facts are sufficiently stated in the opinion of the Court.

*E. Cook*, for Appellant.

First—The decree was erroneous in making the amount found due upon the mortgage payable in gold coin, in the absence of an agreement in writing that the same should be paid in gold coin.

The Court has no equitable power to make a gold coin contract, or to convert a simple contract for the payment of money into a gold contract.

Second—The decree was erroneous in finding that Cowing should redeem within a limited time, or his equity of redemption be forever foreclosed.

It being declared a mortgage, the debt became and was due and payable at once, and the defendant must then pursue the proper course to foreclose the mortgage.

The Court having once declared the deed to be a mortgage, *all* the incidents of a mortgage must follow—among others, a foreclosure, and particularly the right of redemption. (Pr. Act, Sec. 246; *Jacquez* v. *Weeks*, 7 Watts, Penn.,

269; 1 Hilliard on Morts. 61, 62, Secs. 7–9; Kent's Com. 143, 181; *Lee v. Evans*, 8 Cal. 434; Wright, 253.)

Again: The right to foreclose and the right to redeem are mutual and reciprocal. (*Koch* v. *Briggs*, 14 Cal. 262.)

See, also, *Goodenow* v. *Ewer*, 16 Cal. 461, where it is held that the mortgagee can in *no* case become the owner of the mortgaged premises, except by purchase upon a sale under judicial decree, consummated by a conveyance. Also the same doctrine in the case of *Boggs* v. *Fowler & Hargrave*, 16 Cal. 559; also 21 Cal. 609. (See, also, Story Equity Jur., Sec. 1,025, *et seq.*)

Also that parol evidence is competent to show a deed absolute on its face was intended as a mortgage. (*Cunningham* v. *Hawkins*, 27 Cal. 603.)

*J. McM. Shafter*, and *R. R. Provines*, for Respondents.

I. It is not a question as to the existence of a written contract for the payment of a specified kind of money or currency, nor as to the "equitable power of the Court to make a gold coin contract, or to convert a simple contract for the payment of money into a gold coin contract," as suggested by opposing counsel. It is simply a question of equity and good conscience, whether the plaintiff shall be relieved from the disadvantageous position in which he says he has placed himself, without being required himself to do equity.

The validity of the decree in this regard does not at all depend upon the "Specific Contract Act." It would have been entirely competent for the Court to have entered such a decree had no such Act ever been passed. When a party seeks to set aside a conveyance for which he has received money, or to compel a reconveyance to himself, he must first pay back all the money he has received, with interest thereon, and do whatever else may be necessary to put the defendant in as good a condition as he would have been had he never parted with his money. He will even be required to repay advances made subsequent to and independent of the original

transaction. (*Lee* v. *Stone*, 5 Gill & J. 21.)  Where a transaction has been carried on in a particular species of securities, money, or property, there is no law forbidding a Court of equity, where the matter has come within its jurisdiction, to recognize that fact and adjust the rights of the parties upon that basis.

II.  The Court did not err in decreeing that plaintiff should redeem within a limited time, or stand foreclosed of his equity of redemption.

This is a bill by the mortgagor to redeem, and not a suit by the mortgagee to foreclose.  The decrees to be entered in the two classes of cases are essentially different, and the rights of the parties are adjusted upon different principles.

The decree, as entered, was the only one that could have been properly entered in a case like this.  "Where the party fails to redeem within the time allowed, the usual decree is that the bill be dismissed; and such dismissal amounts to a bar of the equity of redemption."  (2 Barb. Ch. Pr. 200; *Perrine* v. *Dunn*, 4 John. Ch. 141; *Bishop of Winchester* v. *Paine*, 11 Ves. 199; *Shannon* v. *Speers*, 2 A. K. Marsh. 311.)

The instrument in question was a conveyance, and passed the title.  If anything remained in the plaintiff, it was a mere equity of redemption.  The instrument in question was, therefore, something more than a mere mortgage, which would leave the legal title in the mortgagor, and give the mortgagee a mere lien or incumbrance.  (16 Cal. 468.)  It was like a mortgage at common law, vesting a conditional estate, upon the breach of the condition of which the estate became absolute.  (16 Cal. 466.)

Plaintiff's position is very different from what it would have been had he, as mortgagee, filed a bill to foreclose.  In that case a sale would have been decreed, and he would have had the statutory period thereafter in which to redeem from the sale; but in this he, in effect, waives the benefit both of the sale and the statutory period of redemption afterwards.  Formerly, where a strict foreclosure was sought by the mortgagee, time was given to the mortgagor to redeem,

and the period so limited was enlarged from time to time, according to the equity arising from the circumstances. (4 Kent's Com. 209, 215, 9th Ed.) But it was never enlarged upon a bill filed by the mortgagor to redeem. (*Brinkerhoff* v. *Lansing*, 4 John. Ch. 75; 2 Danl's Ch. Pr. 1,250, 2d Am. Ed.)

By the Court, RHODES, J.:

The appellant presents two points: first—that the judgment is erroneous in requiring the redemption money to be paid in gold coin; and second—that it is also erroneous in requiring the plaintiff to redeem within a limited time, or his equity of redemption be forever barred.

In his motion for a new trial the plaintiff has not specified wherein the evidence was insufficient to justify or support the findings. After the findings were filed he filed his objections thereto, in which he specified several of the findings as unsupported by the evidence. This is not the office of exceptions to the findings, under the Act of 1861, or of the amendment of 1865-6 to section one hundred and eighty of the Practice Act. A party, according to these provisions, may object for the want of findings, or on the ground that there is no finding as to a particular fact in issue, and if the defect is not remedied, may take his exception. But when he thinks any finding is contrary to or unsupported by the evidence, he must make that a ground of his motion for a new trial. He cannot avail himself of the alleged error in any other manner. This has been so often repeated that a citation of authorities is useless.

The facts as stated in the findings must be accepted on this appeal as the facts in the case, as the statement does not specify the particulars in which the evidence is insufficient to justify the finding. The finding " that it was tacitly understood by and between said plaintiff and wife and said Rogers, that said conveyance was intended to secure the repayment

to said Rogers of the sums so paid and advanced to him, with interest thereon at the rate of one and one quarter per centum per month, and not as an absolute conveyance of said premises; and that upon such payment in gold coin of the United States, said Rogers would reconvey said premises to the plaintiff or the plaintiff's wife," requires that the judgment should order that the plaintiff pay in gold coin the amount found due from him; for the plaintiff is not entitled to redeem except upon compliance with the agreement or understanding under which the deed was executed. The construction of the Specific Contract Act is not involved in this matter. The question is whether a party who has executed a deed to secure the performance of his agreement, and who seeks the aid of a Court of equity to have the deed declared a mortgage and to be permitted to redeem and have a reconveyance of the premises, ought to be held to a full compliance with the terms of the agreement as a condition precedent to the reconveyance. The question admits of but one answer. Had the condition been to do any other thing than to pay money—as to deliver stocks or bank bills, to execute a conveyance of other property, or the like—no doubt would be expressed by any one that the condition must be performed before a reconveyance could be required. The applicability of the maxim that "he who seeks equity must do equity," is very manifest.

No valid objection can be taken to the judgment in requiring the plaintiff to pay the redemption money within forty-five days after the entry of the decree. An action of this character, which is substantially a bill to redeem, is not governed by the provisions of the Practice Act relating to foreclosure of mortgages. The plaintiff, in an action to redeem, "professes that his money is ready," and offers to pay whatever sum is due upon the mortgage; and, as his offer is to pay forthwith, he cannot complain when the Court limits him to a reasonable time. Forty-five days was ample time for a party professing a readiness to pay.

The plaintiff's position, as we understand it, is that when

the Court found that the transaction amounted to a mortgage, he was entitled to suspend all action, and that the defendant, if he wanted his money, must foreclose his mortgage; and he says that, the Court having declared the deed a mortgage, all the incidents of a mortgage must follow. No precedent is cited of an action instituted for the sole purpose of having an absolute deed declared a mortgage. Nor is that the character of this case. This is an action to redeem the mortgage.

If the position of the plaintiff is correct, that notwithstanding this action and a judgment in his favor, declaring the deed to have been intended as a mortgage, it is necessary for the grantee to foreclose the mortgage in order to realize the money intended to be secured, then the present suit was essentially idle and useless. For the Court, in declaring the deed a mortgage, does not make a mortgage out of materials in hand, but only determines what the transaction in fact was, and gives effect to the agreement by permitting a redemption. Whether the plaintiff could have omitted all action on his part, and awaited the operation of the Statute of Limitations in discharging the lien, or whether the doctrine that the right to redeem and the right to foreclose are mutual and reciprocal, can have such an operation in any case under the laws of this State as to require action on the part of the grantor, it is unnecessary to inquire; but it is very clear that when he does sue, offering to redeem and praying that the premises may be reconveyed to him, the Court is authorized, if the facts warrant it, to declare that the deed, absolute in its terms, was intended as a mortgage, and to prescribe the terms of redemption and reconveyance. Such judgment is as binding upon the grantor in respect to the redemption, as upon the grantee in respect to the character of the instrument and the reconveyance. It is one of the incidents of a mortgage, that where the mortgagor seeks the aid of a Court of equity in effecting a redemption, the Court may prescribe the terms of the redemption.

The Court having authority to designate a limited time

within which the redemption money must be paid, what penalty may the Court impose for a default?

In this case it was ordered that if default be made in the payment of the redemption money, the plaintiff should be barred and foreclosed of all equity of redemption in the premises. The usual judgment, if such default be made, is that the bill be dismissed; and this, we think, is the proper judgment. (See *Perrine* v. *Dunn,* 4 John. Ch. 141; *The Bishop of Winchester* v. *Paine,* 11 Ves. 199; *Shannon* v. *Speers,* 2 A. K. Marsh. 698; 2 Barb. Ch. Pr. 199.)

This judgment—that the bill be dismissed—as we understand the authorities, is not made at the time the deed is declared a mortgage, and the grantor is permitted to redeem, but is made after a default in paying the redemption money, and upon the motion of the opposite party.

It is said in 2 Barb. Ch. Pr. 200, that the "decree of dismissal may be moved for, of course, after the Master's report has been confirmed, upon an affidavit that the time has expired and the money has not been paid."

The defendants contend that the error in the judgment, in ordering that the equity of redemption be barred and foreclosed, if default be made in the payment of the redemption money, is immaterial and without injury to the plaintiff, as the dismissal of the bill, because of such default, amounts to a bar of the equity of redemption. But it is neither necessary nor proper to consider the effect of such a judgment under our system of practice and the laws governing mortgages in this State in anticipation of the rendition of the judgment.

Cause remanded, with directions to the Court below to modify the judgment in accordance with this opinion.