## KYSER v. THE K. C., ST. J. & C. B. R. Co.

1. **Railroads**: INJURY TO STOCK: EVIDENCE. A paper shown to be similar to an affidavit of the killing of stock, served on a railroad company, but not a copy, is not admissible to prove the contents of the affidavit.

2. ——: ——. A railroad company is not liable in damages, under the statute, for stock killed by its trains on depot grounds.

*Appeal from Pottawattamie Circuit Court.*

THURSDAY, JUNE 9.

ACTION commenced before a justice of the peace to recover double the value of a cow killed by a train of cars upon defendant's railroad. The cause was appealed to the Circuit Court, where a verdict and judgment were had for plaintiffs, for double the value of the cow. Defendant appeals. The facts of the case involved in the points ruled appear in the opinion.

*Sapp, Lyman & Ament,* for appellant.

*Wm. McLennon,* for appellee.

BECK, J.—I. The evidence in the court below establishes that the plaintiff served upon the agent of defendant a notice and an affidavit, showing the destruction of the cow. An affidavit and notice, introduced in evidence, were shown to be *similar* to the paper served on the agent. The plaintiff, it seems, signed and was sworn to two papers, embodying the notice and affidavit required by the statute in such cases. One of them was served upon the agent, the other introduced in evidence. The proof shows that these several papers were *similar;* it does not show that they were identical in form and substance, or that one is a copy of the other. Under Code, section 1289, the original affidavit must be served upon a railroad company or its agent and a copy introduced in evidence, unless other lawful evidence is admissible in lieu of a copy under the circumstances of the case. *McNaught v. C. & N. W. R. R. Co.*, 30 Iowa, 336. A paper similar to the original affidavit is not sufficient evidence under this rule.

1. RAILROADS: injury to stock: evidence.

II. The evidence shows that the cow was killed upon the grounds of a station, where there was a switch and side track. The court, in instructions to the jury, held that the plaintiff is entitled to recover upon proof made by him that his property was destroyed by a train of cars upon defendant's road, and that defendant to escape liability must show that the part of the station ground where the cow was killed was necessary and convenient for the transaction of the business of the railroad. The decision of the court below is in conflict with the rule recognized by this court. It is held in *Comstock v. The Des Moines Valley R. R. Co.*, 32 Iowa, 376, that in an action to recover for stock killed by a train upon a railroad, the burden rests upon the plaintiff to show that the injury was done at a point where the company is required to fence its track. A railroad company is not required to fence its track upon depot grounds. See *Cleaveland v. The C. & N. W. R. R. Co.*, 35 Iowa, 220, and *Smith v. The C. R. I. & P.*

2. ——: ——.

*R. R. Co.*, 34 Iowa, 506, and cases therein cited. The announcement of the foregoing rules sufficiently answers all the questions certified by the Circuit Court for our decision.

The rulings and decision of the court below being in conflict with the views we have expressed, its judgment is

REVERSED.