## BEAUDIN, RESPONDENT, v. OREGON SHORT LINE RAILROAD CO., APPELLANT.

(No. 1,945.)

(Submitted September 29, 1904.  Decided October 19, 1904.)

*Railroads—Killing Livestock—Fences—Pleading and Practice.*

1.  Civil Code, Section 950, applies only to livestock belonging to the owner or one in possession of land along or through which the railroad passes, which has been killed or maimed by the engines or cars of the railroad company upon that part of its road, said road being unfenced, or insufficiently fenced.
2.  In an action against a railroad under Civil Code, Section 950, it is necessary that the petition allege plaintiff's ownership or possession of land along or through which the railroad runs, and that the stock was killed at such place.
3.  In an action against a railroad under the statute, failure to deny an allegation of the answer that the place where the killing occurred was a public station amounted to an admission of such fact.
4.  In an action under Civil Code, Section 950, no allegation of negligence in the operation of the train is necessary.
5.  The statute does not require a railroad to fence at a station.
6.  Where in an action against a railroad under Civil Code, Section 950, the only evidence was that the animals were found near the track, one dead and the other injured so that it had to be killed, and no showing was made as to the character of the injuries except that one had its legs broken, such evidence was insufficient to show that the animals were killed by an engine or cars of defendant.
7.  Want of evidence to support a judgment may be relied on and considered upon an appeal from the judgment.

*Appeal from District Court, Silver Bow County; William Clancy, Judge.*

ACTION by Charles Beaudin against the Oregon Short Line Railroad Company.  From a judgment in favor of plaintiff, defendant appeals.  Reversed.

*Mr. John G. Willis,* for Appellant.

*Messrs. Kirk & Clinton,* for Respondent.

MR. COMMISSIONER CLAYBERG prepared the following opinion for the court:

This is an appeal from a judgment rendered against the railroad company for the alleged killing of certain stock.  The only

allegation in the complaint upon which the liability of the rail-road company is claimed to rest is as follows: "That on or about the 3d day of March, A. D. 1901, at a point on its railway known as 'Beaudin's Spur,' Silver Bow county, Montana, the said defendant, through and by reason of the carelessness of its servants, agents and employes, and by reason of failing to maintain good and sufficient fences on either or both sides of their track and property, as provided by Section 950 of the Civil Code of the state of Montana, with its engine and cars ran into, over and upon two certain male colts belonging to the plaintiff, whereby said colts received injuries from which they died, to the damage of the plaintiff in the sum of one hundred dollars, the value of the said colts so killed." · To this complaint defendant answered, denying this allegation, and then averred that the place where the alleged killing took place was a public station and depot, and used as such. No replication was filed to this answer. At the trial of the case defendant objected to the introduction of any ·evidence on the ground that the complaint "does not state facts sufficient to constitute a cause of action." This objection was overruled. At the close of plaintiff's testimony defendant moved for a nonsuit on the same and other grounds. This motion was also overruled. After the introduction of defendant's testimony the cause was submitted to the jury, which rendered a verdict for the plaintiff. Judgment was entered upon this verdict, and the defendant appeals from the judgment.

1. The code commission in their final report of 1892 say of the Civil Code reported therein: "This Code is almost entirely taken from the Civil Code prepared by the Honorable David Dudley Field for the legislature of the state of New York and the Civil Code adopted by the state of California." (Sec. xxvii, Final Report of Comm.) No such section appears in the New York Code, so we conclude that Section 950 referred to in the complaint was adopted from California. It was reported by the code commission, and first appears in our Civil Code of 1895. The section of the present California Civil Code (Sec-

tion 485) first appears in the statutes of that state in the year 1861 (Section 40), and has been carried forward ever since.

It was undoubtedly the intention of the legislature to adopt this section of the California statute *verbatim*. It did so with the exception of three words, which were undoubtedly omitted by mistake, and the use of the word "and" for "are" in another part of the section. Section 950, at the point where this omission occurs, reads as follows: "In case they do not make and maintain such fence, if their engine or cars shall kill or maim any cattle or other domestic animals upon their line of road which passes through or along the property thereof." This part of the section is incomplete, and almost unintelligible. To what antecedent does the word "thereof" refer? It is apparent that something was omitted. An examination of the statute of California above referred to fully explains this omission. The same portion of the statute of that state reads as follows: "In case they do not make and maintain such fence, if their engine or cars shall kill or maim any cattle or other domestic animals upon their line of road which passes through or along the property *of the owners* thereof." With this insertion the statute becomes plain and intelligible. But upon reading the remainder of Section 950 it is apparent that the legislature had under consideration and intended to enact a law requiring a railroad company, whenever it located its line of road along or through the property of an owner of land, to require it to fence the side of its line next to such property if it was laid along the same, or both sides of the track if it was laid through such property, or to pay to the owner of such land the market value for all his stock killed by the railroad company on the line of road passing through or along such property, "unless it occurred through the neglect or fault of the owner of the animal so killed or maimed," and unless the latter part of the section had been complied with. We shall therefore construe the first part of Section 950 according to its evident intended meaning, and hold that it applies only to stock belonging to the owner or one in possession of land along or through which the railroad passes, which has been

killed or maimed by the engines or cars of the company upon that part of its road, said road being unfenced, or insufficiently fenced. The complaint does not bring this case within the purview of the section so construed. It does not allege the ownership or possession of any land along or through which the railroad runs to be in the plaintiff, or that the stock was killed at such place. These allegations are essential to a sufficient complaint under this section. (*Baker* v. *So. Cal. Ry. Co.*, 114 Cal. 501, 46 Pac. 604; *Baker* v. *So. Cal. Ry. Co.*, 126 Cal. 516, 58 Pac. 1055; *Boyd* v. *So. Cal. Ry. Co.*, 126 Cal. 571, 58 Pac. 1046.)

2.  The complaint shows that the stock was killed at Beaudin's Spur. The answer avers that Beaudin's Spur is a public station or depot, and used as such. No replication was filed to this answer, and therefore these allegations must be taken as true. This being the case, no duty devolved upon the railroad company to fence the railroad at that point. (*Baker* v. *So. Cal. Ry. Co., supra; Moses* v. *S. P. R. R.,* 18 Oregon, 385, 23 Pac. 498; *Lloyd* v. *Pac. R. R.* 49 Mo. 199; *Morris* v. *St. L., K. C. & N. R. R.,* 58 Mo. 78; *Swearingen* v. *M., K. & T. R. R.,* 64 Mo. 73; *Kyser* v. *K. C., St. J. & C. B. R. R. Co.,* 56 Iowa, 207, 9 N. W. 133, and cases cited.) No allegation of defendant's negligence in the operation of its trains is necessary to render it liable under Section 950. We need not consider whether the complaint contains general allegations of negligence sufficient to constitute a cause of action, because the proof was barren of all negligence on the part of defendant.

3.  The evidence introduced at the trial and incorporated in the record by way of bill of exceptions does not support the verdict and judgment. There is a complete want of proof of any negligence on the part of defendant. There is no evidence as to whether the animals were killed or maimed by the engines or cars of the railroad company. The only evidence contained in the record in that regard is that the animals were found near the track, one dead and the other maimed so that it had to be

killed. No showing is made as to the character of injuries to either of the animals, except that one had its legs broken. All of this may have occurred from some other causes as well as from being struck by an engine or train. Whether the one killed or the injury to the other was caused by defendant's engine or cars was directly in issue under the pleadings, and the burden of establishing the allegations of the complaint was upon plaintiff. The mere finding of the bodies near the railway track is not of itself sufficient proof that they were killed by the engine or cars of the railway company. (*Union Pac. R. R.* v. *Bullis,* 6 Colo. App. 64, 39 Pac. 897.) The evidence is entirely wanting in several other important particulars which are not necessary to discuss. Want of evidence to support the judgment may be relied upon and considered upon an appeal from the judgment. (*Ball* v. *Gussenhoven,* 29 Mont. 321, 74 Pac. 871, and cases cited.) Counsel for respondent insists that the record does not contain all the evidence given on the trial. We are clearly of the opinion that the recitals contained in the bill of exceptions and the certificate of the judge settling the same are sufficient to disclose that it contains all, or the substance of all, the evidence given at the trial bearing upon the errors alleged.

There are other defects in the complaint and proof which require no notice.

We are therefore of the opinion that the complaint does not state facts sufficient to constitute a cause of action under Section 950 of the Civil Code, and that the verdict is not supported by the evidence. The judgment must therefore be reversed, and we so advise.

PER CURIAM.—For the reasons stated in the foregoing opinion, the judgment is reversed, and the cause remanded.