GANS & KLEIN INVESTMENT CO., RESPONDENT, *v.* SAN-FORD ET AL., APPELLANTS.

(No. 2,362.)

(Submitted January 19, 1907. Decided February 25, 1907.)

(88 Pac. 955.)

*Water   Rights—Findings—Request—Decree—Time   for   Rendition.*

Water Rights—Implied Findings—Appeal.
    1.   Under the doctrine of implied findings, a judgment rendered in a water right suit will not be reversed for failure of the court to make certain findings of fact and conclusions of law, unless requests therefor were made and exceptions to their refusal saved.
Same—Special Findings—Request—Appeal.
    2.   Where no requests in writing were made for special findings in a water right contest, the failure of the court to make them is not, under Code of Civil Procedure, section 1114, cause for reversal of the judgment.
Same—Findings—Conclusions of Law—Decree—Time for Rendition.
    3.   In the absence of a statute requiring it, the district court was not bound to await an interval of at least five days between the filing of its findings of fact and conclusions of law in a water right suit, and the entering of the decree, so as to enable it in the meantime to correct erroneous or defective findings or make additional ones; while it might properly have done so, its action in making the findings, conclusions and decree simultaneously was not error.

*Appeal from District Court, Lewis and Clark County; Henry C. Smith, Judge.*

ACTION by Gans & Klein Investment Company against Wm. Sanford and others. From the judgment, and from an order denying a new trial, the defendant Ann Sanford and the plaintiff in intervention, Wm. Sanford, appeal. Decree and order affirmed.

*Messrs. Galen & Mettler,* for Appellants.

If the findings of a court omit material facts in the case, it is the duty of the court to supply the omission when its attention is called to the subject by proper exceptions to the findings. (*Luse* v. *Isthmus T. R. Co.,* 6 Or. 124, 25 Am. Rep. 506; *Simmonds* v. *Richardson,* 5 Hun, 177; *Logan* v. *Hale,* 42 Cal. 646; *Ogburn* v. *Connor,* 46 Cal. 353, 13 Am. Rep. 213; *Hayes* v. *Wetherbee,* 60 Cal. 399; *Mitchell* v. *Jensen,* 29 Utah, 346, 81 Pac. 165.) The failure of the court to find on material issues is reversible error. (*Christy* v. *Spring Valley Water Works,* 84 Cal. 541, 24 Pac. 307; *McTarnahan* v. *Pike,* 91 Cal. 540, 27 Pac. 784; *Ball* v. *Kehl,* 95 Cal. 606, 30 Pac. 780; *Duane* v. *Neumann* (Cal.), 2 Pac. 274; *Hawes* v. *Green* (Cal.), 3 Pac. 496; *Ross* v. *Evans,* 65 Cal. 439, 4 Pac. 443; *Casey* v. *Jordan* (Cal.), 9 Pac. 99; *Conklin* v. *Stone* (Cal.), 6 Pac. 378.) Where evidence is introduced on a material issue the court should make a finding thereon, and until such finding is made judgment may not be properly rendered. (*Dieterle* v. *Bekin,* 143 Cal. 683, 77 Pac. 664.) Where a material allegation of the answer was proved without contradiction, the defendant was entitled to a definite and direct finding with reference thereto. (*Lackman* v. *Kearney,* 142 Cal. 112, 75 Pac. 668.) A failure to find on a fact alleged in the complaint, whether due to regarding such fact as admitted by the answer or to inadvertence, was error. (*Senior* v. *Anderson,* 138 Cal. 716, 72 Pac. 349.) The trial court must make findings on every material issue; it is not sufficient to say that it is impossible to make the finding. If no

sufficient evidence be introduced the finding should be against the party upon whom was the burden of proof. (*Leviston* v. *Ryan,* 75 Cal. 293, 17 Pac. 239.) A court may change or modify findings without ordering a new trial only before judgment has been entered. (*Spaulding* v. *Howard,* 121 Cal. 194, 53 Pac. 563.) After findings have been filed and judgment entered thereon, they can be changed or modified, except in respect of a mere clerical error or misprision, only by the granting of a new trial. (*Hawhurst* v. *Rathgeb,* 119 Cal. 846, 51 Pac. 846.) Where the findings are erroneous in any respect, the proper proceeding to have them set aside is a motion for a new trial, and a motion to amend the findings after a decree has been entered in the case is irregular. (*Pico* v. *Sepulveda,* 66 Cal. 336, 5 Pac. 515.)

*Mr. O. W. McConnell,* for Respondent.

Failure of the court to make special findings cannot be urged on appeal when no requests therefor appear of record. (*Davis* v. *Ford,* 15 Wash. 107, 45 Pac. 739, 46 Pac. 393.) Failure of the trial court to make a finding is not matter for review on appeal, unless there was a request for the finding and objection for want of one urged at or before the time of entry of a decree. (*Bank of California* v. *Dyer,* 14 Wash. 279, 44 Pac. 534; *Roblin* v. *Palmer,* 9 S. Dak. 39, 67 N. W. 949; *Tatum* v. *Massie,* 29 Or. 140, 44 Pac. 494; *Noland* v. *Bull,* 24 Or. 479, 33 Pac. 983; *Washington Rock Plaster Co.* v. *Johnson,* 10 Wash. 445, 39 Pac. 115.)

In a trial by the court, the party in whose favor a decree is rendered is responsible for the findings of fact, and cannot be heard to object on appeal that the findings of fact and conclusions of law are insufficient to determine the rights of the parties. (*Watson* v. *Sawyer,* 12 Wash. 35, 40 Pac. 413, 41 Pac. 43.) A finding of fact not within the issue cannot support a judgment, and will be disregarded. (*Dutro* v. *Kennedy,* 9 Mont. 101, 22 Pac. 763; *Harris* v. *Lloyd,* 11 Mont. 405, 28 Am. St. Rep. 475, 29 Pac. 736.)

"In case of the trial of the cause before the court without a jury, it is the right of the judge of the court to sign and file his findings, whether drafted by himself or another, without notice to the attorneys of the parties; and in doing so his sole duty is to see that they are proper and in conformity with his view of the facts and law of the case." (*Hathaway* v. *Ryan,* 35 Cal. 188.) "The Practice Act is merely directory as to the time of filing the findings of the court and as to the order of filing in relation to the entry of judgment." (*Broad* v. *Murray,* 44 Cal. 228.) In this court the presumption of the findings of fact by the court below will not extend to a fact not within the issue. (*Bernal* v. *Gleim,* 33 Cal. 668; *Estate of McKinley,* 49 Cal. 152.)

HONORABLE E. K. CHEADLE, Judge of the Tenth Judicial District, sitting in place of Associate Justice Smith, delivered the opinion of the court.

This is an action brought to obtain a decree quieting the title to the use of waters of Little Prickly Pear creek and its tributaries, in the county of Lewis and Clark.

The plaintiff asserts the right to the prior use of these waters to the extent of six hundred inches upon lands situated in the valley of Little Prickly Pear creek. Plaintiff's cause of action is based upon an alleged appropriation by its grantors and predecessors in interest in the year 1867, and the alleged continuous use of said waters from that date to the commencement of this action. From a decree and judgment adjudicating the water rights involved in this action, and from the order overruling the motion for a new trial, the defendant Ann Sanford and the plaintiff in intervention, William Sanford, appeal.

The appellants allege that they are jointly entitled to the use of one thousand inches of the waters of Little Prickly Pear creek and tributaries by the appropriation of their grantors and predecessors in interest on or about the first day of May, 1865, and continuous subsequent use to the commencement of this action.

The court tried this cause without a jury, and, on the second day of August, 1905, made its findings of fact and conclusions of law and a decree adjudicating the respective rights of all the parties to the action. The court adjudged that William and Ann Sanford are entitled to the use of two hundred and twenty inches of the waters of Marsh creek, a tributary of Little Prickly Pear creek, and forty inches of the waters of Little Prickly Pear creek, appropriated May 1, 1865; and that the Gans & Klein Investment Company is entitled to the use of two hundred and sixty-five inches of the waters of Little Prickly Pear creek appropriated September 15, 1867; one hundred and fifty inches of the waters of Little Prickly Pear creek appropriated June 30, 1875; and one thousand inches of the waters of Little Prickly Pear creek appropriated April 15, 1885. Appropriate findings and conclusions are made and embodied in the decree as to the respective rights of the other parties to this action, but, for the purposes of this appeal, it is not necessary to make any reference to them.

Many of the specifications of error refer to alleged error of the court in making findings of fact and conclusions of law not supported by the evidence in the case. With reference to these, we are of the opinion that the contentions are without merit. All the findings of fact and conclusions of law appear to be supported by substantial evidence sufficient to justify the trial court in making such findings and conclusions.

Other specifications of error relate to the failure of the court to make certain findings of fact and conclusions of law as to certain alleged rights of the appellants. The doctrine of implied findings prevails in this state, and has many times been upheld by this court, and these contentions are also without merit.

Specification of error No. 13 is that the court erred in making its findings of fact and conclusions of law simultaneously with its decree embodying said findings and conclusions, without giving the appellants an opportunity to offer objections or amendments or to take exceptions thereto, and without any opportunity

for a motion either to adopt or reject said findings and conclusions before the making of the decree herein.

Section 1114 of the Code of Civil Procedure is as follows: "No judgment shall be reversed on appeal for want of findings at the instance of any party who, at the close of the evidence and argument in the cause, shall not have requested findings in writing, and had such request entered in the minutes of the court; nor in cases tried by the court shall the judgment be reversed on appeal for defects in the findings unless exceptions be made in the court below for a defect in the findings, or in a finding."

Section 1115 is as follows: "In cases of exceptions for defective findings, the particular point or issue upon which the party requires a finding to be made, or the particular defect to be remedied, shall be specifically and particularly designated; and upon failure of the court to remedy the alleged defect, the party moving shall be entitled to his exceptions, and the same shall be settled by the judge as in other cases."

Section 1116 is as follows: "Such exceptions shall be filed in the court and served on the attorney of the adverse party within five days after receiving from or giving to the adverse party a written notice of the filing of the findings."

It is the contention of appellants that no decree should be made based upon findings of fact and conclusions of law in such a case as this one until after the expiration of at least five days, within which exceptions may be taken, as provided by section 1116 of the Code of Civil Procedure.

With reference to the failure of the court to make special findings as to the so-called "right-hand tap" or the "Piegan Gulch right," it does not appear that requests therefor were in writing, and consequently, in accordance with section 1114, the judgment of the court below cannot be reversed for want of such findings.

Sections 1115 and 1116 prescribe the manner and time within which exceptions for defective findings shall be made. Section 1116 provides that such applications shall be filed and

served within five days after written notice of the filing of the findings. It does not prescribe, nor does it necessarily imply, that a decree cannot be entered until at least five days, or any other period, after the filing of findings of fact and conclusions of law. We are unable to find anything in the statutes, or any authority, to the effect that any interval of time must elapse between the making of the findings and conclusions and the entering of the decree. The fact that the findings, conclusions, and decree were made simultaneously does not bar the appellants from any right conferred upon them by statute to take their exceptions to any alleged defective findings. In fact, they did, in this case, take their exceptions, which were considered by the lower court, and are now under consideration here.

Counsel for appellants argue, with a good deal of force and ingenuity, that there should be an interval of at least five days between the filing of the findings of fact and conclusions of law and the entering of the decree. It is urged that, if this interval were allowed to elapse, the trial court could correct erroneous or defective findings or make additional findings required in the case without giving a new trial, whereas, after decree once entered, a new trial is the only remedy available. The observance of some interval for the purposes above mentioned might, we have no doubt, be of advantage in many cases. It is sufficient, however, to say that, in our opinion, the law as it now exists does not require it.

It is unnecessary to discuss the proposition of appellants that, on motion for a new trial as to the whole case, the court may grant it in part and deny it in part, for the reason that we are of the opinion that no error prejudicial to the appellants was committed by the trial court, and therefore the decree and order appealed from are affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE HOLLOWAY concur.