MERHAR, RESPONDENT, *v.* POWERS ET AL., APPELLANTS.

(No. 5,681.)

(Submitted April 27, 1925. Decided May 21, 1925.)

[236 Pac. 1076.]

*Defective Findings—Correction After Entry of Judgment not Permissible—Appeal from Judgment Exclusive Remedy.*

1. While before entry of judgment the trial court may, under section 9370, Revised Codes of 1921, upon timely application, correct defective findings, after its entry the only remedy of the party who claims that the findings made are not supported by the evidence

and desires others substituted and the judgment amended accordingly, is by appeal from the judgment on refusal of the court to amend.

Pleading and Practice—Statutory Rules of Procedure Controlling.
    2.   Rules of procedure to be observed by a litigant are proper subjects of legislative regulation, and if the rules so provided are adequate and reasonable they control.

Trial, 38 Cyc., p. 1988, n. 99.

*Appeal from District Court, Silver Bow County; Joseph R. Jackson, Judge.*

ACTION to quiet title by Frank Merhar against John Powers and wife.  Judgment for plaintiff.  From an order refusing to amend judgment defendants appeal.  Affirmed.

Cause submitted on briefs of counsel.

*Mr. M. J. English,* for Appellants.

*Mr. Harlow Pease,* for Respondent.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

This action was instituted to quiet title to a narrow strip of ground comprising a portion of block 4, Kemper's Addition to the city of Butte.  The cause was tried to the court without a jury, and findings of fact and conclusions of law were made upon which a judgment in favor of the plaintiff was rendered and entered in April, 1924.  In September following, defendants moved the court to amend the judgment, and have appealed from the order overruling their motion.  They also made an attempt to appeal from the judgment, but the attempted appeal was dismissed and the cause was submitted to this court upon the appeal from the order alone.

The controversy involves the division line between adjacent parcels of ground.  From the pleadings and maps used as exhibits upon the trial it appears that plaintiff claims all of lot

8 in block 4, and in addition thereto a strip of ground, 108 feet long and varying in width from three feet to eight and one half inches, off of the north side of lot 9, and that defendants claim all of lot 9. The trial court found the issues in favor of plaintiff, established the boundary line as claimed by him, and the judgment quiets his title to the strip in controversy.

The motion interposed by the defendants is in fact an application to the court to adopt a division line intermediate the line claimed by plaintiff in his complaint and the line claimed by the defendants in their answer. The findings of fact and conclusions of law are incorporated in the judgment, and by reference to the motion it is made to appear that the defendants sought to have the court set aside a portion of finding 2 and all of findings 3 and 5 as made and as they appear in the judgment, and to substitute therefor findings tendered by the motion. The record discloses that the findings are within and cover all the issues presented by the pleadings, that the conclusions of law are proper deductions from the facts found, and that the judgment conforms to the findings and conclusions. In other words, the judgment expresses just what the court decided, and just what was intended to be expressed. But appellants contend that findings 2, 3 and 5 are not supported by the evidence, and the question for solution is: Did the trial court have authority, upon motion, to alter the findings in the respect indicated after the judgment had been rendered and entered?

While it is competent for a trial court to correct defective [1] findings upon timely application made therefor under the provisions of section 9370, Revised Codes, it is beyond the authority of such court to correct erroneous findings by substituting others after the judgment has been rendered and entered. Prior to 1921, the fact that findings were not supported by the evidence furnished a ground for a motion for a new trial, and the aggrieved party had a choice of remedies:

(1) He might move for a new trial, and if his motion were granted, the erroneous findings were set aside *ipso facto,* and he might thereafter procure satisfactory findings to be made; but the proceeding by motion for a new trial provided the only authority by which a trial court could correct erroneous findings after judgment had been rendered and entered. (*Hidden* v. *Jordan,* 28 Cal. 302; *Cowing* v. *Rogers,* 34 Cal. 648; *Price* v. *Lynch,* 38 Cal. 528, 99 Am. Dec. 427; *Hawxhurst* v. *Rathgeb,* 119 Cal. 531, 63 Am. St. Rep. 142, 51 Pac. 846.) In the last case the court said: "After findings have been filed, and judgment entered thereon, there is but one method by which those findings can be competently changed or modified—except perhaps in respect of a mere clerical error or misprision—and that is the mode pointed out by the statute, by the granting of a new trial. Until the findings are thus set aside, they must, under our present system, stand in their integrity as originally made."

(2) His alternative remedy was an appeal directly from the judgment, by which he might have the supreme court determine whether the findings were supported by any substantial evidence. (*Ball* v. *Gussenhoven,* 29 Mont. 321, 74 Pac. 871; *Beaudin* v. *Oregon Short Line R. R. Co.,* 31 Mont. 238, 78 Pac. 303; *Carman* v. *Montana Cent. Ry. Co.,* 32 Mont. 137, 79 Pac. 690.)

By the enactment of section 9396, Revised Codes, the authority formerly exercised by the trial court to correct erroneous findings after judgment by granting a new trial upon the ground of insufficiency of the evidence to support them was withdrawn, and an appeal from the judgment is now the exclusive remedy. The question is set at rest by a long line of decisions by this court, culminating in *State ex rel. Reid* v. *District Court,* 68 Mont. 309, 218 Pac. 558. In *State ex rel. McHatton* v. *District Court,* 55 Mont. 324, 176 Pac. 608, this court said: "Courts have the power to amend their judgments to the end that they will express what the court actually decided. This may be done at any time. When the clerk has

failed to enter the judgment as pronounced, the court has the power to correct the misprision. (*Power & Bro.* v. *Turner,* 37 Mont. 521, 97 Pac. 950.)  But errors into which the court itself falls are judicial errors and cannot be corrected except by the method pointed out by the provision of the statute on the subject, that is, through a motion for a new trial, if such a motion is applicable in the particular proceeding, or on appeal; in other words, the court cannot upon a change of mind, after having rendered a judgment determining the rights of the parties, set aside such a judgment or modify it so as to alter or change the rights fixed by it as originally made.''

The reason for the rule is manifest.  If upon the application of these defendants, the court could change the judgment to the prejudice of the plaintiff, it could thereafter on the application of the plaintiff again change it to the prejudice of the defendants, and continue that practice indefinitely, so that the litigants never would know when their rights were finally adjudicated.

The rules of procedure to be observed by a litigant are [2] proper subjects of legislative regulation and control so long as the rules provided are adequate and reasonable (12 C. J. 1182, 1184), and our legislature has seen fit to limit the dissatisfied party (to a suit in equity or to an action tried to the court without a jury) to the single remedy by appeal from the judgment, where the ground of dissatisfaction is that the judgment or some material portion of it is not supported by the evidence.  Defendants did not avail themselves of that remedy, and the district court was without authority to grant the relief requested.

The order is affirmed.

*Affirmed.*

ASSOCIATE JUSTICES GALEN, STARK and MATTHEWS concur.

MR. CHIEF JUSTICE CALLAWAY, being absent on account of illness, takes no part in the foregoing decision.