HAWKER, Respondent, *v.* HAWKER, Appellant.

(No. 8,194.)

(Submitted November 3, 1941.   Decided November 8, 1941.)

[118 Pac. (2d) 759.]

*Messrs. Pope & Smith,* for Appellant, submitted a brief; *Mr. Russell E. Smith* argued the cause orally.

*Mr. J. D. Taylor,* for Respondent, submitted a brief and argued the cause orally.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

Plaintiff instituted this action for a divorce. On February 21, 1940, the court made findings and conclusions of law in favor of defendant. On February 26 plaintiff filed exceptions to the findings. On March 9 a decree was entered, the principal part of which recites: "It is ordered, adjudged and decreed * * * that the plaintiff's action be and the same is hereby dismissed upon the merits and with prejudice and that the plaintiff be and he is hereby denied any relief of whatsoever character." On October 14 the court ordered that the exceptions to the findings filed by the plaintiff be set down for hearing on October 26, which was done. The court then, on January 6, 1941, rendered an opinion and order, declaring the original findings to be correct and overruling all of the exceptions thereto, but striking from the decree the words "with prejudice," and reciting that it was of the opinion "that the point made by the plaintiff that the action should not be dismissed with prejudice is well taken, and that the court had no jurisdiction to dismiss the action with prejudice."

The appeal is from this special order made after final judgment and presents the single question as to the power of the court to strike the words "with prejudice" from the decree

some ten months after it was entered. This court has held that a decree containing judicial error may not be amended by the trial court, but that the only remedy available to the party deeming himself aggrieved thereby is by an appeal. (*Merhar* v. *Powers*, 73 Mont. 451, 236 Pac. 1076.)

At this juncture it seems appropriate to point out that the ▉▉▉ *Merhar Case* is broader in its scope than the statutes so far as the statutes have to do with a case tried to the court without a jury. The statutes contemplate that judgment be entered at the time of making the findings of fact and conclusions of law (sec. 9367, Rev. Codes). At any rate, that is frequently done, and yet exceptions may be made to the findings (sec. 9369), with power in the court to remedy defects in the findings (sec. 9370). Certainly, if the court remedies defects in findings, it ought to have the right to remedy the conclusions of law and the judgment to make them conform to the findings as remedied.

In *Gans & Klein Inv. Co.* v. *Sanford*, 35 Mont. 295, 88 Pac. 955, it was held that the fact that the decree was entered simultaneously with the findings and conclusions does not bar appellant from any right conferred upon him by statute to take exception to any alleged defective findings. If exceptions to findings may be filed after the entry of the decree, it would seem that the trial court, under section 9370, should have the right to consider the exceptions and remedy any defects, and, if necessary, to amend the judgment to conform with the findings as amended. It follows that the statutory provisions constitute an exception to the general rule that the trial court may not change a final judgment except by granting a new trial.

However, so far as this case is concerned, as above noted there were no changes made in the findings, and hence any change made in the judgment was not made because of any changed findings but because the court had reached a different conclusion on a point of law. Also, in this case, the exceptions were filed, and undoubtedly considered, before the entry of the decree.

Plaintiff takes the position that the decree, as first entered, ▮ being on its face upon the merits, was automatically with prejudice without inserting those words in the decree (sec. 9320, Rev. Codes), and, therefore, by eliminating those words the decree has in fact not been changed, and that, in consequence, defendant is not an aggrieved party entitled to take an appeal, and made a motion to dismiss the appeal on that ground. We think, in answer to this contention, it is sufficient to say that defendant was entitled to take the appeal in view of the reason assigned by the court for striking the words "with prejudice" so as to forestall any contention which might hereafter be made in litigation between these parties that the decree was not in fact with prejudice. The court erred in striking the words "with prejudice" from the decree.

The order appealed from is ordered to be vacated.

MR. CHIEF JUSTICE JOHNSON and ASSOCIATE JUSTICES ERICKSON, ANDERSON and MORRIS concur.