## Philip H. Decker

### *v.*

## John Patton *et al.*

*Filed at Ottawa May 12, 1887.*

1. BILL TO REDEEM—*of the decree—certain directions as not amounting to a strict foreclosure.* A proper decree on allowing a bill to redeem from a mortgage, as a general rule, is, that the complainant be allowed to redeem the premises upon payment of the sum found to be due, within a reasonable time to be fixed therein, together with the costs, and directing the defendant to discharge the mortgage on the payment of the money, and that on default of such payment within the time specified, the bill be dismissed. It is not error to fail to order sale of the premises on default of payment.

2. A sale was had of real estate under a decree of foreclosure, without making one having an interest in the property, a party. On bill by him to redeem from such sale, the court found the sum due on the mortgage debt, and decreed that upon its payment, together with costs, in one year, the sale should be set aside and the trustee release the trust deed, and that on failure to make such payment the bill stand dismissed, and the master execute a deed to the purchaser at the foreclosure sale: *Held*, that the decree was proper, and could not be regarded as a decree of strict foreclosure.

3. PLEADING AND EVIDENCE—*relevancy of testimony.* On bill to redeem premises from sale under a decree of foreclosure by one not a party to the decree, the complainant offered to show certain judgments existing against him, the bill containing no allegations as to such judgments: *Held*, that the evidence was irrelevant, and properly refused. If the proceeding had been one to foreclose the mortgage, the evidence might have been proper on the question of a right to a strict foreclosure.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on writ of error to the Circuit Court of Cook county; the Hon. M. F. Tuley, Judge, presiding.

Mr. W. T. Burgess, for the plaintiff in error:

The right to redeem, and the sum due, were not contested. The main error assigned is, that the court denied a sale of the property and entered a decree of strict foreclosure, instead of ordering a sale under the statute.

The offer to pay the sum found due is not such a material allegation as that the court can predicate a decree upon it. *Barnard* v. *Cushman*, 35 Ill. 451; *Dwen* v. *Blake*, 44 id. 136; *Webster* v. *French*, 11 id. 254.

A decree dismissing a bill, on failure to pay, within the time limited, the amount found, and costs, operates as a foreclosure of the mortgage. 2 Jones on Mortgages, sec..1108; *Quinn* v. *Brittain*, Hoffm. 353; *Shannen* v. *Spears*, 2 A. K. Marsh. 211; *Bolles* v. *Duff*, 43 N. Y. 469; *Beach* v. *Cooke*, 28 id. 503; *Perinne* v. *Dunn*, 4 Johns. Ch. 140; *Adams* v. *Cameron*, 40 Mich. 506; *Bishop of Winchester* v. *Paine*, 11 Ves. 199.

The facts show the property worth $7000, and judgment creditors not parties to the proceeding. In such case, a strict foreclosure is erroneous. *Johnson* v. *Donnell*, 15 Ill. 99; *Sheldon* v. *Patterson*, 55 id. 507; *Warner* v. *Helm*, 1 Gilm. 220; *Farrell* v. *Parlier*, 50 Ill. 274.

Messrs. HUTCHINSON & LUFF, for the defendants in error:

Upon a bill to redeem, the proper decree is, that the complainant may redeem upon paying the amount found due on the mortgage, within a specified time, together with costs; and upon his doing so, the defendant shall discharge the mortgage and deliver up the mortgaged premises, and that upon default of such payment the bill be dismissed, with costs. 2 Daniell's Ch. Pr. 998; 2 Jones on Mortgages, secs. 1106, 1107; *Harper* v. *Ely*, 70 Ill. 581.

The records of the judgments against complainant were properly excluded. They were not set up in the bill, the judgment creditors were not parties to the suit, nor were any of the parties to this suit, except complainant, parties or privies to the suits in which such judgments were rendered. 1 Starkie on Evidence, 213; 1 Greenleaf on Evidence, sec. 522; *Whitaker* v. *Wheeler*, 44 Ill. 440.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

Thomas W. Saunders, and Mary P. Saunders, his wife, executed and delivered to Mindwell L. G. Patton a deed of trust on certain property in Chicago, to secure the payment of $2500. The indebtedness not having been paid when it became due, according to the terms of the notes and deed of trust, Mindwell L. G. Patton filed her bill to foreclose the deed of trust. A decree of sale was rendered, and on the 1st day of April, 1882, the premises were sold, and bid in by complainant for the amount of debt, and costs. Philip H. Decker, who acquired an interest in the property subsequent to the deed of trust, was not made a party to the foreclosure proceedings, and on the 28th day of May, 1883, he filed this his bill to redeem from the sale which had been made under the decree rendered in the foreclosure proceedings. The complainant in the foreclosure proceedings, Mindwell L. G. Patton, and others, were made defendants to the bill. Answers were put in, and the cause proceeded to a hearing, on the pleadings and proofs, on the 2d day of November, 1885, when a final decree was rendered. In the decree, the court found that there was due Mindwell L. G. Patton, on the promissory notes and trust deed executed by Thomas W. Saunders and wife, the sum of $2947.71; that the complainant, Decker, be allowed to redeem, by paying to the clerk of the court, within twelve months, the amount found due, with interest at six per cent per annum from that date, and costs. The decree also contained the following provision: "That on payment of said sum of money, interest and costs, in the time hereby limited, the decree in case of *Patton* v. *Saunders et al.*, on March 1, 1882, and sale thereunder, be set aside, etc., and said trustee execute a proper release of trust deed. If said Decker shall not redeem said premises from said deed of trust by paying the money above provided for within the time limited, his petition and bill filed herein shall be dismissed, and

he shall from thenceforth stand absolutely debarred and fore-
closed of and from all equity of redemption in and to said
mortgaged premises, and the master execute a deed under
said sale to said Patton, or her assigns."

It will be observed that the decree did not order the prem-
ises to be sold in case the complainant failed to pay the
amount which entitled him to redeem, and upon this ground
the complainant in the bill seeks to reverse a decree rendered
on his own bill, in his own behalf. The time allowed for the
payment of the redemption money (one year) was quite liberal
in favor of the complainant, and would seem to afford ample
opportunity to raise the money and discharge the incumbrance
on the premises, and unless the law imperatively demands a
re-sale in case the redemption money should not be paid, no
good reason occurs to us why the decree should contain a
provision of that character.

In 2 Daniell's Chancery Practice, page 644, in speaking on
this subject, the author says: "The same practice is also to
be observed in the case of decrees for the redemption of a
mortgage, which usually directs the plaintiff to pay the bal-
ances reported due to him within six months after the report,
in default of which, the plaintiff's bill against the defendant
is from thenceforth to stand dismissed out of court, with costs
to be taxed by the master. Under this decree, although it
directs that in default of payment by the plaintiff his bill is
to stand dismissed, with costs, yet it will not be so dismissed
without a final order, which, however, may be obtained as of
course." The same rule is laid down in 2 Jones on Mort-
gages, secs. 1106, 1107. The author says: "The form of
the judgment ordinarily is, that the plaintiff may redeem upon
paying the amount due on the mortgage, within a specified
time, together with costs, and that upon his doing so the
defendant shall discharge the mortgage and deliver up the
mortgaged premises, and that upon default of such payment
the complaint be dismissed, with costs." See, also, *Pilmon* v.

*Thornton,* 66 Me. 469, where the same doctrine is announced. Indeed, we think it may be laid down as a general rule, on a bill to redeem, a proper decree is, that the complainant may be allowed to redeem the mortgaged premises upon payment of the amount found to be due, within a reasonable time to be named in the decree, together with the costs, and directing the defendant to discharge the mortgage on the payment of the money; but in case default shall be made in the payment of the money within the time specified, the bill should be dismissed.

The case of *Hollingsworth* v. *Koon,* 117 Ill. 514, has been cited as an authority; but that was not a bill to redeem, and the opinion does not undertake to lay down or establish any rule of practice which should control where a bill to redeem has been filed.

On the hearing, the complainant offered to show certain judgments existing against him in the courts of Cook county. The court excluded the evidence, and the ruling on the offered evidence is relied upon as error. The bill contained no allegations in regard to judgment creditors, nor were they parties to the proceeding. No relief was sought in their behalf or against them. Under such circumstances, we fail to see what advantage it would be to complainant to prove the existence of judgments against him.

But it is said in the argument, that the property was worth more than the mortgage debt, and if there were judgment creditors, it was erroneous to decree a strict foreclosure. Had this been a bill to foreclose a mortgage, and had a decree been rendered cutting off the rights of parties in interest, without a sale of the mortgaged premises, and denying the redemption provided by the statute, there might be force in the argument. But such was not the case. As was said before, Mindwell L. G. Patton foreclosed her mortgage by bill. A sale was made, under which all persons in interest had opportunity to redeem within the time prescribed by the

statute. But no redemption was made, and no effort whatever was made in that direction until fourteen months after the sale, when this bill was filed by Decker to redeem from the mortgage sale. The decree which was rendered in this case may, and probably does, cut off all equities and rights of Decker in case he fails to redeem within the time prescribed by the decree, but that does not render it a strict foreclosure decree, as contended by counsel for plaintiff in error. On the other hand, it is an ordinary decree on bill to redeem.

No error appearing in the record, the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*