MARTIN *et al.*, *Plaintiffs in Error*, v. RATCLIFF *et al.*

1. **Foreclosure Sale:** REDEMPTION : PURCHASERS : IMPROVEMENTS. Purchasers at a foreclosure sale in good faith under the belief that they acquired a perfect title will be entitled, as against a bill to redeem, to the full value of their improvements, though they may exceed those which a mortgagee in possession is ordinarily justified in making.

2. ———: ———: ———: ———. The doctrine that a mortgagor cannot be improved out of his estate does not apply to such case.

3. ———: DECREE PERMITTING REDEMPTION. It is not necessary that a decree permitting a redemption contain a further order that, in case of default in payment of the amount found due, the premises shall be sold.

*Error to Henry Circuit Court.*—HON. J. B. GANTT, Judge.

AFFIRMED.

Martin v. Ratcliff.

*James A. Spurlock* for plaintiffs in error.

The trial court erred in the rendition of the interlocutory decree. It allowed the defendants to fence in plaintiffs' prairie lands and use them twenty-one years without paying any rent, only for the land in cultivation in 1865 when the defendants took possession, and besides this made plaintiffs pay for the improvements and pay taxes. This is surely an error and appears on the record of the case. This error was carried through the referee's report and into final judgment, and had the effect of improving the heirs of the mortgage out of their estate, which is contrary to equity. See 2 Story Equity [9 Ed.] sec. 1016; also, *Sanders v. Hooper*, 6 Beavan, 246. The trial court erred also in ordering a strict foreclosure, instead of ordering the lands to be sold at public vendue as required by the terms of the mortgage. The terms of the mortgage were that the mortgaged lands were to be sold at public sale to the highest bidder, but the court ordered a strict foreclosure, that is, ordered the young heirs of the mortgagor to pay into court some sixteen thousand dollars in a few months, or their title to the lands would become forfeited. That was a clear violation of the terms of the mortgage contract. As the mortgage deed called for a sale, that sale must take place as agreed in the mortgage before title can pass to defendants. *Davis v. Holmes*, 55 Mo. 349; *O'Fallon v. Clopton*, 89 Mo. 284.

*B. R. Richardson* and *Draffen & Williams* for defendants in error.

1   There is nothing in the order appointing the referee or in the final decree indicating that the court limited the allowance of rents to the land in cultivation in 1865. (2) The court properly directed the referee not to charge the defendants with rents upon the

improvements which had been made by them in good faith under the honest belief that the mortgage had been regularly foreclosed. *Bell v. New York,* 10 Paige Ch. 49 ; *Moore v. Cable,* 1 John. Ch. 385 ; *Green v. Dixon,* 9 Wis. 485 ; *Mickles v. Dillaye,* 17 N. Y. 80. ( 3 ) The decree entered by the court below is identical with the one which this court directed to be entered in a similar suit. *Bollinger v. Chouteau,* 20 Mo. 89 ; *Decker v. Patton,* 9 West. Rep. 501 ; 2 Jones on Mortgages, secs. 1107-8. ( 4 ) The decree rendered by the court below gave the plaintiffs all that they asked. They are in no condition to complain of the judgment. *Loomis v. Railroad,* 17 Mo. App. 340 ; *Walker v. Owen,* 79 Mo. 563 ; *Pemberton v. Pemberton,* 5 Cent. L. J. 53. ( 5 ) There is nothing before this court to show that the attention of the lower court was called to the alleged defect in the decree. *Sweet v. Maupin,* 65 Mo. 65 ; *Henry v. Lowe,* 73 Mo. 96 ; *Estes v. Fry,* 94 Mo. 266 ; *State v. Davidson,* 87 Mo. 683. Even if this court should hold that there ought to have been an order directing the sale of the property, and that the plaintiffs are in a position to take advantage of this omission, still, as there was no error in the trial, and the only defect is as to the form of the decree, the parties should not be put to the cost and expenses of another trial ; but this is an appropriate case for the supreme court " to give such judgment as the circuit court ought to have given." 1 R. S. 1889, sec. 2304 ; *Snell v. Harrison,* 83 Mo. 651 ; *Hemelrich v. Carlos,* 24 Mo. App. 264 ; *Hunt v. Railroad,* 87 Mo. 607.

BLACK, J.—On the twentieth of August, 1859, Jeremiah Ratcliff mortgaged five hundred and twenty acres of land in Morgan county to John A. Powell, to secure a debt of twenty-nine hundred and fifty-nine dollars. Ratcliff died in 1863, and in 1865 Powell, acting by an agent, sold the land under a power of sale

Martin v. Ratcliff.

in the mortgage. In 1880, fifteen years after the sale, the plaintiffs, who are heirs of Ratcliff, brought this suit to redeem.

There are a great number of defendants who have purchased parcels of the property from the persons who purchased at the mortgagee's sale. It is said there is a small village on a part of the land, but the record furnishes only an intimation of the fact. The court made an interlocutory decree to the effect that plaintiffs were entitled to redeem, and appointed a referee to state an account. Upon the incoming of the referee's report the court made a decree that plaintiffs be allowed to redeem by paying into court the sum of sixteen thousand, eight hundred and forty-nine dollars on or before a given date, and, if payment should not be made by that time, then the mortgage should stand foreclosed. Plaintiffs filed exceptions to the referee's report, a motion for new trial, and a motion in arrest, all of which were overruled. They then sued out this writ of error. The evidence is not preserved. In short there is no bill of exceptions in the record.

The court, by the interlocutory decree, directed the referee to charge the plaintiffs with the value of the improvements placed upon the property by the defendants, and to charge defendants with rents, not including rents upon the improvements made by them. Plaintiffs object that by this statement of the account they are improved out of their property.

It is to be observed, in the first place, that no objection was made to the order for an accounting. Again, the plaintiffs, having filed no bill of exceptions, the exceptions to the referee's report and the motion for a new trial are no part of the record. The questions which the plaintiffs seek to raise are therefore not fairly before us.

But, aside from this, we see no error in the directions as to the accounting. As we understand this very

imperfect record, the deeds executed by the mortgagee do not disclose the fact that he made the sale by an agent. The finding of the court is, that the defendants purchased in good faith, believing that they acquired a perfect title. The character of the improvements is not disclosed by the record, yet the amount which the plaintiffs were required to pay, in order to redeem, leads to the conclusion that the improvements are far in excess of any ordinary use of the land for farming purposes. The improvements may have been in excess of those for which a mortgagee in possession is ordinarily allowed compensation. But, so far as an accounting is concerned, the defendants do not stand in the exact attitude of one in possession as an avowed mortgagee. Having purchased in good faith under the belief that they acquired a perfect title, they are entitled to the full value of the improvements though they may exceed those which a mortgagee in possession is ordinarily justified in making. 2 Story's Eq. [13 Ed.] sec. 1237; *Mickles v. Dillaye*, 17 N. Y. 80.

The doctrine embodied in the expression that a mortgagor cannot be improved out of his estate has no application to a case like the one in hand. The defendants were not entitled to have and were not allowed interest on moneys invested in the improvements, and on the other hand they should not be charged with rents on the improvements made by them.

A further point is made that the decree is illegal because it amounts to a strict foreclosure. It does not provide for a sale, but says if the amount required to be paid by way of redemption is not paid within the time named then the mortgage shall stand foreclosed. Such a decree is in effect the same as one providing that if the money is not paid within the specified time then the bill shall be dismissed at the costs of the plaintiffs; for it seems that a decree in the latter form followed by a dismissal will operate as a foreclosure. 2 Jones on Mortgages [4 Ed.] sec. 1108.

*Bollinger v. Chouteau,* 20 Mo. 89, was a suit brought by the heirs of a mortgagor to redeem. In that case there had been an invalid foreclosure sale, and this court directed the trial court to enter up a decree just like the one now in question. *Davis et al. v. Holmes,* 55 Mo. 350, was a suit to set aside a sale of land made under a mortgage and for leave to redeem. The decree provided that if the plaintiff did not redeem within a specified time then the equity of redemption should be sold. The defendant objected that there should have been a strict foreclosure, but this court overruled the objection, and held that the order should have been to sell the land and not simply the equity of redemption. It was then said that a strict foreclosure is a novelty in proceedings on mortgages in this state. To the same effect is the recent case of *O'Fallon v. Clopton,* 89 Mo. 285, where the question arose on the defendant's answer asking that a sale made under a deed of trust be set aside.

Jones says the form of the judgment ordinarily is that the plaintiff may redeem upon paying the amount found due on the mortgage within a specified time, together with costs; and that upon his doing so the defendant shall discharge the mortgage and deliver up the mortgaged premises; and that upon default of such payment the complaint be dismissed with costs. 2 Jones on Mortgages [4 Ed.] sec. 1106. Such is the usual form of the decree in suits for the redemption of a mortgage. 2 Dan. Ch. Prac. [5 Ed.] 998; *Decker v. Patton,* 120 Ill. 464. In the case last cited the plaintiff, as in this one, sought to reverse a decree in his own favor because it did not provide for a sale of the property. Said the court, "had this been a bill to foreclose a mortgage, and had a decree been rendered cutting off the rights of parties in interest, without a sale of the mortgaged premises, and denying the redemption provided by statute, then there might be force in the argument."

Our statute concerning mortgages and deeds of trust contemplates a sale of the premises in all suits brought to foreclose such instruments, and a strict foreclosure in any such case would be erroneous on its face. There is no doubt but that the court may, on a petition to redeem, direct a sale of the premises in the event the redemption money is not paid within the specified time. And in such cases the sale may be ordered though there is no specific prayer therefor, either in the petition or answer.    But it is a different thing to say that a decree is, on its face, erroneous and must be reversed because it does not provide for a sale.    The plaintiffs in this case did not ask for a sale of the property in their petition.    They did not by motion or otherwise ask the court to modify the decree.    They have made no showing that a sale can be of any possible benefit to them. If this decree is reversed, it must be upon the ground that in all suits, where there is a decree permitting the plaintiff to redeem, there must be a further order that in case of default in payment of the amount found due, the premises shall be sold.    This in our judgment is not the law, for there is a wide distinction between a suit of foreclosure and one brought to redeem from a voidable foreclosure sale.    Affirmed.    All concur.