MACK, APPELLANT, v. HILL, RESPONDENT.

28 99
f39 303

(No. 1,529.)

(Submitted April 9, 1903.  Decided April 27, 1903.)

*Warranty Deed—Equitable Mortgage—Equitable Relief.*

1. A grantor cannot maintain a suit in equity for the sole purpose of having a deed absolute on its face declared a mortgage, but must also offer to redeem the property, and place himself wholly within the jurisdiction of the court to settle the whole controversy between him and his grantee.
2. He who seeks equity must do equity.

*Appeal from District Court, Cascade County; J. B. Leslie, Judge.*

ACTION by Wilhelm D. Mack against Fred L. Hill to have a warranty deed declared to be a mortgage. A demurrer to the complaint was sustained, and plaintiff appeals. Affirmed.

*Mr. Howard S. Greene,* and *Mr. James Donovan,* for Appellant.

The demurrer is on two grounds, the first only of any materiality, as the second is the conjunctive and must be overruled. (*White* v. *Allatt,* 87 Cal. 245; *Greenbaum* v. *Taylor,* 102 Cal. 624.)

The right of redemption can only be lost by foreclosure and sale. The court ought to have overruled the demurrer and decreed a foreclosure and sale to satisfy the debt, or held that the deed was only a security. (*Watts* v. *Keller,* 56 Fed. 1; *Book* v. *Beasley,* 40 S. W. 101; *Buckman* v. *Alwood,* 71 Ill. 155; *Biglow* v. *Ayranct,* 46 Barb. (N. Y.), 143; May, Fraudulent Con., Sec. 51.)

Defeasance may be parol. (*Jackson* v. *Lodge,* 36 Cal. 28.)

To sustain the demurrer allows a fraud. A court of equity will interfere to prevent such acts. (Story, Eq. Juris., Sec. 439; *Parmlee* v. *Lawrence,* 44 Ill. 405, 410.)

The deed as a conveyance is void. (*Peugh* v. *Davis,* 96 U. S. 332; Kerr's Sup. Wilt. Mtg. Forcl., Secs. 889, 896, 897.)

*Mr. Thomas E. Brady,* for Respondent.

MR. COMMISSIONER CALLOWAY prepared the opinion for the court.

In his complaint, plaintiff, appellant here, alleges that "at all times hereinafter mentioned the plaintiff was, ever since has been, and now is" the owner of certain land in Cascade county, Montana, describing it. That on June 13, 1897, he executed and delivered to the defendant his certain promissory note in the sum of $1,000, due in one year, and at the same time executed and delivered to defendant a mortgage deed on said land to secure the payment of the note. That on August 25, 1899, he executed and delivered to the defendant "his certain warranty deed, covering the said described land, upon the following contemporaneous agreement, to-wit: That said deed

was not to convey the title to said grantee, but that any time within one year thereafter the said grantor, the plaintiff herein, had the right to pay the sum due on the aforesaid mentioned note, together with interest thereon, and that the defendant, upon the payment to him of said sum, would cancel said deed and deliver as paid to the said plaintiff the said note; that the said plaintiff herein had full authority to sell and dispose of said lands, using the money derived therefrom to take up and pay the said note, which the said defendant herein retained and held, and now does retain and hold; that the said conveyance, although absolute on its face, was intended, executed, and received under said agreement as a mortgage or security for the payment of said debt." That on August 26, 1899, the defendant placed the deed of record. "That the said defendant, at the time of making the agreement above mentioned, promised the said plaintiff that he would in no manner undertake to dispose of said property without the consent of said plaintiff, but, notwithstanding said agreement, the said defendant is now threatening and has threatened plaintiff on the 20th day of October, 1899, that, unless said sum of money mentioned in said note is paid within forty-eight hours thereafter, that the said defendant would sell and dispose of said land, which threat plaintiff believes defendant intends to carry out. Wherefore plaintiff prays a decree of this court adjudging and declaring the said deed above mentioned to be a mortgage, and further decreeing that the title to said land, although standing in the name of defendant, is in the plaintiff herein."

To this complaint the defendant, respondent herein, demurred, alleging that it does not state facts sufficient to constitute a cause of action.

Other grounds of demurrer are assigned, but as they are not properly alleged, and are not necessary to this decision, we shall not pass upon them.

The court below sustained the demurrer, and, the plaintiff refusing to plead further, judgment was entered for the defendant for costs, from which the plaintiff appeals.

The question then is, does the complaint state facts sufficient to constitute a cause of action?

It will be observed that this is not an action to have a deed absolute on its face declared to be a mortgage, and to have the equitable mortgagor's right of redemption enforced, including the reconveyance of the property by the equitable mortgagee. Under the facts stated in the complaint, the court is unable to enforce the contract alleged to exist between the parties. Nor does the appellant ask it. On the contrary, it appears that the appellant, having entered into an unwise contract, asks the court to interpret it in his favor only. He does not allege that he will in any wise be injured if respondent carries out his threat to sell the property in question; for aught that appears in the complaint, appellant's indebtedness to respondent may be greatly in excess of the value of the property. And it may be inquired, in passing, how the defendant is to "cancel" the deed, which is of record. Probably the plaintiff may desire a reconveyance of the property, but he does not say so. Nor does the appellant even intimate that he ever expects to pay the indebtedness which the deed was given to secure. He does not allege a tender of the sum due respondent, nor does he assert his willingness to pay it when the year mentioned shall expire. He also fails to state any facts which show that he has not a full and complete remedy at law for the respondent's anticipated malconduct, for, so far as the court is advised, respondent is solvent, and fully able to respond in damages for the breach of his contract with the appellant.

Appellant commences his brief with the statement that "this action is brought to declare a deed, absolute on its face, a mortgage." In *Cowing* v. *Rogers,* 34 Cal. 648, the court said: "No precedent is cited of an action instituted for the sole purpose of having an absolute deed declared a mortgage." This language is quoted with approval in *Cline* v. *Robbins,* 112 Cal. 581, 44 Pac. 1023. We have searched the books diligently, but in vain, for such a case, and quite agree with the suggestion of the supreme court of California.

The fact of declaring this deed a mortgage, and stopping there, might compel the respondent to bring an action to foreclose it. Courts will not try lawsuits by piecemeal. They incline to the maxim, "It is for the public good that there be an end to litigation."

In *Cowng* v. *Rogers, supra,* it is said: "If the position of the plaintiff is correct that, notwithstanding this action and a judgment in his favor declaring the deed to have been intended as a mortgage it is necessary for the grantee to foreclose the mortgage in order to realize the money intended to be secured, then the present suit was essentially idle and useless." And again.: "It is very clear that when he does sue, offering to redeem and praying that the premises may be reconveyed to him, the court is authorized, if the facts warrant it, to declare that the deed, absolute in its terms, was intended as a mortgage, and to prescribe the terms of redemption and reconveyance. Such judgment is as binding upon the grantor in respect to the redemption as upon the grantee in respect to the character of the instrument and the reconveyance. It is one of the incidents of a mortgage that, where the mortgagor seeks the aid of a court of equity in effecting a redemption, the court may prescribe the terms of the redemption."

If the appellant desires the court to declare that, in equity, the transaction between himself and respondent constitutes a mortgage, he must offer to redeem. He cannot fail to perform his part of the contract and demand that equity be done. He must place himself wholly within the jurisdiction of the court to settle the entire controversy. See *Hughes* v. *Davis,* 40 Cal. 117.

In commenting on the maxim, "He who seeks equity must do equity," Mr. Pomeroy observes: "It says, in effect, that the court will give the plaintiff the relief to which he is entitled, only upon condition that he has given, or consents to give, the defendant such corresponding rights as *he* also may be entitled to in respect of the subject-matter of the suit." (1 Pom-

eroy's Equity Jurisprudence, Sec. 385.)    This the plaintiff has not done or offered to do.

In our opinion, the judgment should be affirmed.

PER CURIAM.—For the reasons stated in the foregoing opinion the judgment appealed from is affirmed.

