(June 22, 1911.)

## CARL MACHOLD, Appellant, v. ROSA FARNAN, Respondent.

[117 Pac. 408.]

SALE OF REAL ESTATE—DEED AND CONTRACT—EQUITABLE MORTGAGE—ACTION TO REDEEM—FORM OF DECREE—REDEMPTION—TIME FOR REDEMPTION—SALE OF PROPERTY—STATUTORY REDEMPTION—EQUITABLE REDEMPTION—TENDER—WITHDRAWAL OF TENDER—DAMAGES.

(Syllabus by the court.)

1. Where a deed, absolute on its face, is taken to real property and a contract is entered into to purchase the same, and it is alleged in the complaint that said transaction was in effect an equitable mortgage, and the plaintiff prays to have the same so declared, and the court finds that the deed was a mortgage, and no

application is made to foreclose said mortgage, the proper and usual form of the decree is that the plaintiff be allowed to redeem upon the payment of the sum found due within a reasonable time to be fixed by the decree, and that upon such payment the mortgage shall be adjudged to be satisfied, and that in default of such payment the title shall be quieted in the defendant.

2.   In determining the form of the decree for redemption and the terms and conditions thereof, the matter rests very much in the sound discretion of the court as exercised upon the facts of each particular case, but the decree should find the exact amount due or necessary to redeem and condition the redemption upon the payment of the sum found due within a fixed time, which time for redemption should be a reasonable time under all the facts of the case.

3.   In such cases it is not necessary that there be any provision in the decree for the sale of the property when the court finds the deed and agreement to be a mortgage, for the reason that the action is not an action to foreclose, and the usual order of sale in foreclosure cases is not required.

4.   There is a clear distinction between a statutory redemption, which is from the sale and not from the mortgage, and an equitable redemption established by the court. In the latter case the redemption is from the mortgage and not from the sale; from which the rule is deduced that the redemptioner must do equity and pay all that is due under the mortgage before he is entitled to redeem and receive a conveyance of the property.

5.   *Held*, that the decree and the allegations and the prayer of the complaint in substance and form is in accordance with the law and violates no right of the appellant as mortgagor, but, on the contrary, grants him the equitable relief for which he prays upon condition that he do equity himself.

6.   *Held*, that the tender made in the second amended complaint on the theory that the deed and contract was a mortgage, of the exact amount theretofore tendered on the theory that the transaction was a sale and not a mortgage, was not a sufficient tender to stop the running of interest.

7.   Said tender in writing was not a sufficient compliance with the provisions of sec. 6110, Rev. Codes, providing for an offer or tender in writing, as such tender must be for the full amount due.

8.   Under the provisions of sec. 3402, Rev. Codes, the plaintiff is not entitled to recover any damages in this action.

APPEAL from the District Court of the Sixth Judicial District for Bingham County.   Hon. James M. Stevens, Judge.

Action to have a certain deed and contract declared a mortgage and to redeem therefrom, and for damages. Judgment for plaintiff, from which he appeals. Judgment *affirmed.*

Carl Machold, *pro se.*

Deed intended as mortgage does not pass legal title. (*Mabury v. Ruiz,* 58 Cal. 11.)

If a mortgage at the beginning, the instrument always remains a mortgage. (*Burton v. Lies,* 21 Cal. 89.)

Right to redeem from a mortgage cannot be waived by express stipulation of parties. (*Goodenow v. Ener,* 16 Cal. 461, 76 Am. Dec. 540; 27 Cyc. 1010.)

A trust deed executed to secure a given debt, payable at a specified time upon real estate, is, under our statutes, a mortgage, and cannot be foreclosed by notice and sale, under a power of sale in such trust deed, and such trust deed can only be foreclosed by judicial sale, pursuant to decree rendered in an action brought therefor in the proper court. (*Brown v. Bryan,* 6 Ida. 1, 51 Pac. 995.) A grantee by absolute deed, where there is a separate agreement for reconveyance, the two together constituting a mortgage, has his remedy for foreclosure under sec. 4520, Rev. Stat. Idaho. (*Kelley v. Leachman,* 3 Ida. 392, 29 Pac. 849.)

A mortgage cannot be foreclosed without a sale of the mortgaged premises under a decree of foreclosure. (*Lulu & White v. Nevin,* 10 Colo. 357, 15 Pac. 611.)

When it is clear that a tender will not be accepted, it need not be made. (*Girard v. St. Louis Car Wheel Co.,* 123 Mo. 358, 45 Am. St. 556, 27 S. W. 48, 25 L. R. A. 514; *Livieratos v. Commonwealth Security Co.,* 57 Wash. 376, 106 Pac. 1125.)

A tender of money made in the pleadings, followed by a payment thereof into court, is a sufficient tender. (*Weaver v. Nugent,* 72 Tex. 272, 13 Am. St. 792, 10 S. W. 458.)

Plea of tender is sufficient though the money is not brought into court. (*Loughborough v. McNevin,* 74 Cal. 250, 5 Am. St. 435, 14 Pac. 369, 15 Pac. 773.)

A tender of the whole sum due, principal and interest, at any time after debt falls due, but before suit is brought, stops

the interest and discharges the party from the costs of a sub-sequent suit. . (*McCalley v. Otez,* 99 Ala. 584, 42 Am. St. 87, 12 So. 406.)

When a tender has been excused by an act of the party to whom it was due, a deposit of the tender may be withdrawn without prejudice to the rights of the depositor. (*Guillaume v. K. S. D. Fruit Land Co.,* 48 Or. 400, 86 Pac. 883, 88 Pac. 586; 8 Current Law, 1330.)

Tender, if kept good, stops interest. (*Patterson v. Sharp,* 41 Cal. 133; *Easterbrook v. Farquharson,* 110 Cal. 311, 42 Pac. 811.)      . .

Clark & Budge, for Respondent.

It was entirely proper for the court to enter the decree made in this case when he found as he did from the evidence. This being an action to redeem, it was proper for the court to find the amount due and to order that it be paid within a reasonable time, or in the event of a failure to make pay-ment that plaintiff's action be dismissed. (*Cline v. Robins,* 112 Cal. 581, 44 Pac. 1023; *Decker v. Patton,* 120 Ill. 464, 11 N. E. 897; *Bremer v. Dock Co.,* 127 Ill. 464; 18 N. E. 321; *Chicago etc. Co. v. Scully,* 141 Ill. 408, 30 N. E. 1062; *Sloane v. Lucas,* 37 Wash. 348, 79 Pac. 949; *Rodman v. Quick,* 211 Ill. 546, 71 N. E. 1087; *Mack v. Hill,* 28 Mont. 99, 72 Pac. 307.)

It is not necessary that there be any provision in the decree for a sale of the property when the court finds the deed and agreement to be a mortgage, because the proceeding is not an action to foreclose, and therefore the usual order of sale in foreclosure cases is not required. (*Cowing v. Rogers,* 34 Cal. 648; *Cline v. Robins, supra; Mack v. Hill, supra; Decker v. Patton,* 120 Ill. 464, 11 N. E. 897; *Martin v. Ratcliff,* 101 Mo. 254, 20 Am. St. 601, 13 S. W. 1051; *Rodman v. Quick, supra.*)

Damages may only be recovered when the mortgagee, after the mortgage has been satisfied, has refused to issue a cer-tificate of discharge, or to enter satisfaction of the mortgage on the record after demand has been made upon him. (*Barnes v. Pitts Agr. Works,* 6 Ida. 259, 55 Pac. 239.)

If a debtor wishes to extinguish his liability for subse-
quently accruing interest, or demands some affirmative relief,
he cannot retain the money subject to his own use, but must
devote it to the specific purpose of paying the debt, and put
it within the power of the creditor to receive it at any time.
He must keep his tender good. (*Nelson v. Loder,* 132 N. Y.
288, 30 N. E. 369; *Tuthill v. Morris,* 81 N. Y. 94.)

SULLIVAN, J.—This action is a continuation of the litiga-
tion of the parties hereto begun in April, 1907. See *Machold
v. Farnan,* 14 Ida. 258, 94 Pac. 170, reference to which opinion
is made for some of the facts in this case. The action was
originally brought for the specific performance of the con-
tract sued on in this action, and the theory upon which the
case was then tried was that said contract was for the sale
of real estate. On the first trial judgment was given to the
plaintiff and on appeal the judgment was reversed and a new
trial granted. After the case was remanded for a new trial,
the plaintiff filed an amended complaint, wherein it was
alleged that a certain deed from one Millick to the defendant
Farnan and a contract between the parties hereto were in-
tended as a mortgage to secure the payment of money loaned
to appellant, and prayed that the deed from the Oregon Mort-
gage Company to Millick and from Millick to the defendant
be adjudged and decreed to be mortgages, and that the plain-
tiff be adjudged and decreed to be the owner of the premises
described therein; that the defendant be adjudged to account
and pay to plaintiff the damages he has sustained by the
breach of the covenant to convey said land to plaintiff, and
that plaintiff be given a money judgment against the said
defendant to comply with section 3364, Rev. Stat. of Idaho,
1887 (sec. 3402, Rev. Codes), and for costs of suit.

An answer was filed to said amended complaint in which its
material allegations were denied, and respondent set forth
allegations to quiet her title to said land, which cross-com-
plaint was answered by appellant. The cause was again tried
upon the new issues thus made, and the trial court made its
findings of fact and conclusions of law and entered judgment
holding said deed to the defendant and contract between the

defendant and plaintiff to be a mortgage to secure the payment of $2,000, together with interest and taxes to the date of said trial, amounting in all to $2,929.87, and further adjudging that the appellant have ninety days in which to make payment of the amount so found due, and upon the payment thereof that the said property be freed and discharged from any claim or lien held or possessed by respondent by reason of said mortgage. It was further ordered that in the event appellant failed to make payment of said amount within the time limited, that respondent's title to the land and premises should be quieted as against appellant. The appeal is from said judgment and from the order denying a new trial.

Numerous errors are assigned and a brief containing sixty-nine pages of printed matter and a supplemental brief containing fourteen pages of typewritten matter were filed by the appellant, who appears as his own attorney.

In our view of the matter, it will not be necessary for us in this opinion to pass upon each of the errors assigned, but will say at the outset that we have examined them all in connection with the briefs and argument of counsel for appellant and find no reversible error in the record.

We will say *in limine* that the prayer of the complaint contains a request that the deed and agreement be declared a mortgage, but it does not ask permission to redeem from that mortgage. It was held in *Mack v. Hill,* 28 Mont. 99, 72 Pac. 307, that there is no such thing as an action for the sole object of declaring a deed to be a mortgage, as the court will not grant that relief unless the plaintiff shall be willing to have the whole controversy disposed of by offering to redeem from the mortgage so established. The case at bar, however, was treated as one in which permission to redeem is sought and the findings and decree were entered upon that theory. This action having been tried upon that theory, it was proper for the court to find the amount due and to order that it be paid within a reasonable time, or in the event of failure to make payment, that the plaintiff's action be dismissed.

In *Cowing v. Rogers,* 34 Cal. 648, from which the Montana court in *Mack v. Hill, supra,* quoted, the court said:

"It is very clear that when he [the mortgagor] does sue, offering to redeem and praying that the premises may be reconveyed to him, the court is authorized, if the facts warrant it, to declare that the deed, absolute in its terms, was intended as a mortgage, and to prescribe the terms of redemption and reconveyance. Such judgment is as binding upon the grantor in respect to the redemption, as upon the grantee in respect to the character of the instrument and the conveyance. It is one of the incidents of a mortgage that where the mortgagor seeks the aid of a court of equity in effecting a redemption, the court may prescribe the terms of the redemption."

27 Cyc., p. 1859, states the rule as follows:

"Where the equity is found to be with the complainant, the proper and usual form of the decree is that he be allowed to redeem upon the payment of the sum found to be due, within a reasonable time to be fixed by the court, and that upon such payment the mortgage shall be adjudged to be satisfied, but that in default of payment that bill shall be dismissed."

And on page 1862 says:

"In settling a decree for redemption, the terms and conditions rest very much in the discretion of the court as exercised upon the facts of each particular case. But the decree should find the exact amount due or necessary to redeem, and condition the redemption upon its payment within a fixed and limited time, the period being a matter for the court's discretion, subject to the proviso that it should not be unreasonably short."

From the holding of numerous authorities it seems that the general rule is that it is not necessary that there be any provision in the decree for the sale of the property when the court finds the deed and agreement to be a mortgage because the action is not an action to foreclose, and therefore the usual order of sale in foreclosure cases is not required. (*Cowing v. Rogers,* 34 Cal. 648; *Cline v. Robbins,* 112 Cal. 581, 44 Pac.

1023; *Mack v. Hill*, 28 Mont. 99, 72 Pac. 307; *Decker v. Patton*, 120 Ill. 464, 11 N. E. 897; *Martin v. Ratcliff*, 101 Mo. 254, 20 Am. St. 601, 13 S. W. 1051; *Rodman v. Quick*, 211 Ill. 546, 71 N. E. 1087.)

In *Decker v. Patton*, 120 Ill. 464, 11 N. E. 897, the court, in answer to the suggestion that the decree should have ordered the sale of the property, says:

"Had this been a bill foreclosing a mortgage, and had a decree been rendered cutting off the rights of the parties in interest without a sale of the mortgaged premises, and denying the redemption provided by statute, then there might be force in the argument."

In *Martin v. Ratcliff*, 101 Mo. 254, 20 Am. St. 601, 13 S. W. 1051, it is said:

"Our statute concerning mortgages and deeds of trust contemplates a sale of the premises in all suits brought to foreclose such instruments, and a strict foreclosure in any such case would be erroneous on its face. There is no doubt but that the court may, on a petition to redeem, direct a sale of the premises in the event the redemption money is not paid within the specified time. And in such cases the sale may be ordered, though there is no specific prayer therefor either in the petition or answer. But it is a different thing to say that a decree is, on its face, erroneous and must be reversed because it does not provide for a sale. The plaintiffs in this case did not ask for a sale of the property in their petition. They did not, by motion or otherwise, ask the court to modify the decree. They have made no showing that a sale can be of any possible benefit to them. If this decree is reversed, it must be upon the ground that in all suits where there is a decree permitting the plaintiff to redeem, there must be a further order that in case of default in payment of the amount found due, the premises shall be sold. This, in our judgment, is not the law, for there is a wide distinction between a suit of foreclosure and one brought to redeem from a voidable foreclosure sale."

In *Rodman v. Quick*, 211 Ill. 546, 71 N. E. 1087, it is said:
"The distinction must be carried in mind between a statu-

tory redemption which is from the sale, and not from the mortgage, and the equitable redemption established by the courts, in which the redemption is from the mortgage and not from any sale, and out of which springs the rule that the redemptor must do equity and pay all that is due under the mortgage.''

The decree, then, under the allegations and prayer of the complaint, in substance and form is in accordance with the law, and violates no right of the appellant as mortgagor, but, on the contrary, grants him the equitable relief for which he prays upon condition that he do equity himself.

The appellant contends that he made a tender of $2,268 and kept that tender good, and for that reason the court erred in finding that there was any greater sum than that due on said contract. It appears that the plaintiff tendered that amount on April 6, 1907, just prior to bringing the first suit thereon, heretofore referred to, on the theory that said contract was a contract of sale and not a mortgage. Said money was deposited with the clerk of the court and on the 20th day of May, 1908, withdrawn from the clerk. It appears that after the case was remanded from this court on the first appeal, the plaintiff on June 8, 1908, filed his first amended complaint, he having withdrawn from the clerk said deposit prior to filing said amended complaint. However, plaintiff alleged in the eleventh paragraph of said first amended complaint that he had made said deposit with the clerk on the 6th of April, 1907, ''to be held by him until accepted by defendant or until the determination of this suit.'' It appears that said money had been withdrawn from such deposit some eighteen days prior to the filing of said amended complaint, and there was no tender on deposit at the time said first amended complaint was filed. Thereafter, on the 21st day of November, 1908, by leave of court, a second amended complaint was filed, on which this action was tried. In the fifth paragraph of the second amended complaint plaintiff alleges the tender of $2,268 on the 6th day of April, 1907, and that he kept said sum on deposit with the clerk of the

court for defendant for a period of about fourteen months, and that during all of said time defendant refused to accept said money or any part thereof, and alleges that plaintiff is ready, able and willing and now offers to pay the defendant the sum of $2,268. Said sum was not the amount due at the time said second amended complaint was filed. It thus appears that when said money was first tendered, it was tendered by the plaintiff upon the theory that said contract was a contract for the sale of said land to the plaintiff, and that time was not of the essence of said contract, and that it was the duty of defendant to receive said money and convey said land to the appellant. While the defendant agreed with the plaintiff that it was in effect a contract of sale, she contended that time was of the essence of said contract, and as the money was not paid at the date fixed in the contract, or to which the date of payment had been extended, the contract was forfeited. Said money was not tendered upon the theory that said contract was a mortgage. That being true, the tender was not a tender in payment of said mortgage, and was withdrawn before the first amended complaint was filed upon the theory that said contract was a mortgage. In the second amended complaint, the plaintiff alleges that he "is ready, able and willing and now offers to pay defendant the sum of $2,268." Upon the facts as they appear in the record, the tender was not sufficient, as it did not include interest to the date of filing said amended complaint. To stop the running of interest, it was not only necessary that plaintiff should tender the whole amount due, but if the money so tendered was not accepted, it was necessary for him to keep it on deposit subject to respondent's demand or to make a sufficient offer in writing to avoid the necessity of keeping it on deposit. Appellant did neither, as there was no tender in writing in the amended complaint. After plaintiff deposited the money, he withdrew it and did not leave in lieu thereof any offer in writing to pay it. The respondent was then left without the money and without a written tender. The offer of November 21, 1908, found in the second amended complaint, is not a

sufficient offer to bring him within the terms of sec. 6110, Rev. Codes, which provides:

"An offer in writing to pay a particular sum of money, or to deliver a written instrument or specific personal property, is, if not accepted, equivalent to the actual production and tender of the money, instrument or property."

In the first amended complaint the plaintiff alleged that he had deposited the money with the clerk to await the determination of the action; when as a matter of fact he had withdrawn it eighteen days before said complaint was filed. And in the second amended complaint, the amount due on said mortgage was not tendered in writing. Said tender was not sufficient to prevent the running of interest.

Appellant prays for damages in his complaint under the provisions of section 3402, Rev. Codes. This prayer is upon the theory that he had tendered a sufficient amount of money to pay in full said mortgage, and under the provisions of said statute, after a mortgage has been satisfied, the mortgagee or assignee of such mortgagee who refuses to execute, acknowledge, and deliver to the mortgagor the certificate of discharge, or to enter satisfaction, or cause satisfaction of the mortgage to be entered, is liable to the mortgagor or his grantee or heirs, for all damages which he or they may sustain by reason of such refusal, and shall also forfeit to him the sum of one hundred dollars. After this action was brought upon the theory that said contract was a mortgage, no tender has been made of sufficient money to pay the amount due on said contract with interest. The plaintiff is therefore not entitled to any damages whatever under the provisions of said sec. 3402.

Both parties no doubt acted honestly in the belief that said contract was not a mortgage. They had the advice of able counsel, and their advice to their clients was that said contract was a contract of sale and not a mortgage, and under the theory of the first action on said contract, the defendant refused to receive said tender on the ground that said tender was not made in time. At the time the second amended com-

plaint was filed, the money deposited with the clerk had been withdrawn about six months previous thereto. The plaintiff in his second amended complaint does not tender the amount due on said indebtedness, but his offer is to pay the same amount that he first tendered, which was tendered on the theory above stated about eighteen months after the first tender was made. The trial court, after hearing the case and ascertaining the amount due to respondent, gave appellant three months to make payment thereof, and decreed that in case he failed to make such payment, the title to said property should be quieted in respondent.

Under the facts and law, that judgment and decree are correct. The judgment must therefore be affirmed, with the exception, however, that the time for paying said judgment with interest thereon at the rate of seven per cent from the date said judgment was entered, will be extended to the first day of September, 1911, and if it be not paid within that time, the title shall be quieted in the respondent, and it is so ordered. The cause is remanded to the trial court with instructions to modify the judgment to the extent above indicated; that is, extend the time for the payment thereof until the first day of September, 1911. Costs are awarded to respondent.

Ailshie, Presiding J., concurs.

### ON PETITION FOR REHEARING.

#### (August 22, 1911.)

AILSHIE, J.—A petition for a rehearing has been filed in this case, and we have given the matters therein urged our further consideration.

There is neither merit nor justice in the contention made by appellant. Under the suggestion made by this court on a former appeal, the appellant has been decreed the right to redeem his land by payment of principal and interest due; he has occupied the land and had the use of the same for

many years, and during all this time has paid nothing on this indebtedness, and in the meanwhile the respondent's money has been invested on the faith of the security of this property. Respondent must be paid for the use of her money. A tender, in order to ·cut off the running of interest, must be made in good faith and in such manner and under such circumstances as the creditor may understand its purpose and the terms and conditions under which it is made. It is clear that at the time the alleged tender was made, it was not upon the theory that it was in payment of a mortgage debt or that any mortgage existed. The petition should be denied, and it is so ordered.

In view of the fact that the petition has been pending for a considerable length of time, it is ordered that the time for payment of the judgment as directed by the original opinion herein be extended to the first day of October, 1911, and in all other respects the judgment and decree will stand as directed by the original opinion herein.

Sullivan, J., concurs.